IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTELLECT WIRELESS, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MOTOROLA, INC.,<br>LG ELECTRONICS, INC., and<br>SANYO ELECTRIC CO.<br><br>　　　　Defendants. | CASE NO. 08 C 1350<br><br>Judge: Holderman<br><br>Magistrate Judge: Denlow<br><br>JURY TRIAL DEMANDED |

## ANSWER, AFFIRMATIVE DEFENSES AND

## COUNTER-CLAIMS OF DEFENDANT MOTOROLA, INC.

For its Answer, Affirmative Defenses and Counterclaims to the Complaint for Patent Infringement of Plaintiff, Intellect Wireless, Inc. ("Intellect Wireless"), Defendant Motorola, Inc. ("Motorola") states as follows:

### NATURE OF THE SUIT

1.　　This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

　　**ANSWER:** Motorola admits that Intellect Wireless has alleged patent infringement and invoked the cited statute, but Motorola denies that it has infringed and denies any liability to Intellect Wireless.

### PARTIES

2.　　Intellect Wireless is a Texas corporation with offices in Fort Worth, Texas and Reston, Virginia. Intellect Wireless is in the business of, among other things, commercializing its inventions relating to wireless image messaging.

**ANSWER:** Motorola lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

3.  Daniel Henderson is the founder of Intellect Wireless, and the sole inventor of the patents-in-suit. Mr. Henderson has been awarded 25 United States patents with several more pending that relate to picture/video messaging in wireless devices such as PDA's, portable computers and cellular phones. Mr. Henderson's prototype for a wireless picturephone device was received as part of the permanent collection of the Smithsonian Institution in the National Museum of American History. The Honorable Senator Gordon H. Smith, (OR), declared that Mr. Henderson has "truly blazed new trails in the fields of wireless technology and digital convergence" and called him a "true visionary."

**ANSWER:** Motorola admits that Mr. Henderson is the sole inventor listed on the patents-in-suit. Motorola lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies same.

4.  Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,266,186 entitled "Method and Apparatus for Improved Paging Receiver and System" which issued on September 4, 2007 ("the '186 Patent").

**ANSWER:** Motorola admits that United States Patent No. 7,266,186 ("the '186 Patent") is entitled "Method and Apparatus for Improved Paging Receiver and System" and bears an issue date of September 4, 2007. Motorola lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies same.

5.  Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,310,416 entitled "Method and Apparatus for Improved Personal Communication Devices and Systems" which issued on December 18, 2007 ("the '416 Patent").

**ANSWER:** Motorola admits that United States Patent No. 7,310,416 ("the '416 Patent") is entitled "Method and Apparatus for Improved Personal Communication Devices and Systems" and bears an issue date of December 18, 2007. Motorola lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies same.

6. Motorola is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

**ANSWER:** Motorola admits that Motorola is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

7. Motorola makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:** Motorola admits the allegations of this paragraph.

8. LG Electronics, Inc. is a foreign corporation having a place of business at LG Twin Towers 20, Yeouido dong, Yeongdeungpo-gu, Seoul, Republic of Korea 150-721 with its United States headquarters at 10101 Old Grove Road, San Diego CA 92131.

**ANSWER:** Motorola lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

9. LG makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:** Motorola lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

10. Sanyo Electric Co., Ltd. is a Japanese corporation having its principal office of business at 5-5, Keihan-Hondori, 2-chrome, Moriguchi City, Osaka 570-8677 Japan and Sanyo North America Corporation has offices at 2055 Sanyo Avenue, San Diego, CA 92154.

**ANSWER:** Motorola lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

11. Sanyo makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:** Motorola lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies same.

## JURISDICTION AND VENUE

12. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

**ANSWER:** While Motorola does not contest subject matter jurisdiction, the allegations of this paragraph are legal conclusions for which no answer is required or given.

13. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b). Motorola, LG, and Sanyo transact business in this district and have committed acts of infringement in this judicial district, at least by offering to sell or selling infringing cellular telephones and through Internet websites that are designed to reach Illinois customers and are, in fact, used by customers in this judicial district. Motorola also has its headquarters in this judicial district and transacts substantial business here.

**ANSWER:** For purposes of this action only, and without waiver of the defense of improper venue in any other context or proceeding, Motorola consents to venue in this action. Motorola admits that it conducts business in this district. Motorola admits that its headquarters are in this judicial district. Motorola denies that it has committed acts of infringement. Motorola denies offering to sell or selling infringing cellular telephones in this or any other judicial district. Motorola lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies same.

## PATENT INFRINGEMENT

14. Motorola has directly and/or indirectly infringed at least one claim of the '186 patent and the '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:** Motorola denies the allegations of this paragraph.

15. Motorola has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller

ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:** Motorola denies the allegations of this paragraph.

16. LG has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:** Motorola lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph, and therefore denies same.

17. LG has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:** Motorola lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph, and therefore denies same.

18. Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:** Motorola lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph, and therefore denies same.

19. Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:** Motorola lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of this paragraph, and therefore denies same.

**PRAYER FOR RELIEF**

Motorola denies that Intellect Wireless is entitled to any relief sought.

\*   \*   \*   \*   \*   \*

Further answering the Complaint, Motorola alleges as follows:

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**

1. Intellect Wireless's claims are barred, in full or in part, because the claims of the '186 Patent and '416 Patent are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Second Affirmative Defense**

2. Intellect Wireless's claims are limited or barred by the doctrine of prosecution laches.

**Third Affirmative Defense**

3. Intellect Wireless has failed to state a claim against Motorola upon which relief may be granted.

**Fourth Affirmative Defense**

4. Intellect Wireless is not entitled to injunctive relief because any injury is not irreparable, Intellect Wireless has an adequate remedy at law and the balance of hardship and the public interest do not favor injunctive relief.

**Fifth Affirmative Defense**

5.      Motorola has not infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '186 and '416 patents.

**Sixth Affirmative Defense**

6.      Motorola reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity that may exist now or in the future based on discovery and further factual investigation in this case.

\* \* \* \* \* \*

**COUNTER-CLAIMS**

For its counterclaims against Intellect Wireless, Motorola states and alleges as follows:

**Parties**

1.      Motorola is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196

2.      On information and belief, Intellect Wireless is a Texas corporation with offices in Fort Worth, Texas and Reston, Virginia.

**Jurisdiction**

3.      This is an action for declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202.

4. This Court has jurisdiction over these counterclaims under 28. U.S.C. §§ 1331, 1338(a) and 2201. Venue is proper under 28. U.S.C. §§ 1391 and 1400(b).

## COUNT I

### (Declaration of Invalidity)

5. Motorola incorporates and realleges paragraphs 1-4.

6. Intellect Wireless's Complaint and accusations of infringement against Motorola has created an actual case or controversy concerning the validity of the '186 and '416 Patents.

7. The '186 and '416 Patents, and more particularly the claims of the '186 and '416 Patents alleged to be infringed, are invalid and of no effect for failure to comply with one or more requirements set forth in 35 U.S.C., including but not limited to Sections 101, 102, 103, and/or 112.

## COUNT II

### (Declaration of Non-Infringement)

8. Motorola incorporates and realleges paragraphs 1-7.

9. Intellect Wireless's Complaint and accusations of infringement against Motorola has created an actual case or controversy concerning the infringement of the '186 and '416 Patents.

10. Motorola is not infringing, nor has Motorola infringed, either directly and/or indirectly, any claim of the '186 or '416 Patents.

11. Motorola has not actively induced others to infringe the '186 or '416 Patents.

12. Motorola has not contributed to the infringement of the '186 or '416 Patents.

13. Motorola has not willfully infringed, willfully induced infringement of, or willfully, contributorily infringed any claim of the '186 or '416 Patents.

## PRAYER FOR RELIEF

WHEREFORE, Motorola prays for the following relief:

A. For the Complaint to be dismissed with prejudice and for Intellect Wireless's claims for relief to be denied in their entirety;

B. A declaration that the '186 and '416 Patents are invalid;

C. A declaration that the '186 and '416 Patents are not infringed by Motorola;

D. A declaration that this is an exceptional case and an award to Motorola of its attorneys' fees and costs under 35 U.S.C. § 285;

E. That costs and expenses be awarded to Motorola.

F. Such further relief as the Court may deem just and equitable.

## JURY TRIAL DEMAND

Motorola demands a jury trial on all issues so triable.

Dated: April 30, 2008                             Respectfully submitted,

                                                   s/ Jonathan E. Retsky
                                                  Jonathan E. Retsky

- 9 -

DM_US:21178556_1

Illinois Bar No. 6201846
Thomas W. Jenkins, Jr.
Illinois Bar No. 6272465
Nathan A. Frederick
Minnesota Bar No. 336427 (Admitted only in Minnesota.  Not admitted in Illinois)
HOWREY LLP
321 N. Clark Street; Suite 3400
Chicago, Illinois 60610
Phone:  (312) 846-5648
Fax: (312) 264-0380

*Attorneys for Defendant, Motorola, Inc.*

## **CERTIFICATE OF SERVICE**

I, Jonathan E. Retsky, hereby certify that I caused a copy of the foregoing, **Answer, Affirmative Defenses and Counter-Claims of Defendant Motorola, Inc.,** to be served by electronic filing using the CM/ECF system upon:

>Paul K. Vickrey
>Paul C. Gibbons
>David J. Mahalek
>Niro, Scavone, Haller & Niro
>181 West Madison, Suite 4600
>Chicago, Illinois 60602-4515
>(312) 236-0733

Dated: April 30, 2008

>**s/ Jonathan E. Retsky**
>Jonathan E. Retsky