IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTELLECT WIRELESS, INC., | ) |
| Plaintiff, | ) Civil Action No. 08 C 1350 |
| v. | ) Judge Holderman |
| | ) Magistrate Judge Denlow |
| MOTOROLA, INC., | ) |
| LG ELECTRONICS, INC., and | ) JURY TRIAL DEMANDED |
| SANYO ELECTRIC CO. LTD., | ) |
| Defendants. | ) |

**<u>INTELLECT WIRELESS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>**

Plaintiff Intellect Wireless, Inc. ("Intellect Wireless" or "Plaintiff") pursuant to Fed.R.Civ.P. 15(a), requests leave of Court to file an Amended Complaint which adds claims for infringement of the '186 and '416 patents against additional party defendants Kyocera Sanyo Telecom, Inc. ("Kyocera Sanyo") and Kyocera Wireless Corp. ("Kyocera Wireless"), and adds claims for patent infringement of the '186, '210 and '076 patents against Sprint Nextel Corporation ("Sprint"). A copy of the proposed Amended Complaint is attached as Exhibit A.

This request to file an Amended Complaint is not based on a dilatory motive. While Motorola has answered the complaint, neither of the other current defendants (LG and Sanyo) has filed a responsive pleading. In fact, both LG's and Sanyo's responsive pleadings are not due until August 29, 2008 (D.E. 33). Accordingly, no discovery has taken place, no depositions have been noticed, and an initial status hearing has not yet occurred. For these reasons, amending the complaint in this case will not prejudice the Defendants.

**I.     LEAVE TO AMEND PLEADINGS SHALL BE FREELY GRANTED**

Fed.R.Civ.P. 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires."

> Leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment."

*SmithKline Beecham Corp. v. Apotex Corp.*, 2000 U.S. Dist. LEXIS 10419, at * 5-6 (N.D. Ill. July 13, 2000) (quoting *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992)). As here, once a defendant has answered, it is within the discretion of the district court to allow plaintiff to amend its Complaint. *Id.* at *6.

**II.    PLAINTIFFS' REQUEST FOR LEAVE TO AMEND IS TIMELY**

On March 6, 2008, Plaintiffs filed their original Complaint against Motorola, LG and Sanyo alleging infringement of United States Patent Nos. 7,266,186 and 7,310,416. Motorola has filed its answer (D.E. 15) and Plaintiff served the complaint on LG and Sanyo through the Hague Convention. Upon service of the Complaint through the Hague Convention, LG requested, and was granted, an extension to file its responsive pleading until August 29, 2008. (D.E. 33). Sanyo has requested a similar extension (D.E. 34), which Plaintiff does not oppose.

Since neither LG nor Sanyo has answered, a scheduling order has not yet been entered in this case. Discovery has not commenced. Also, no deadline for adding additional parties has been established. Therefore, Plaintiff's motion seeking leave to amend their Complaint is timely.

2

### III. GRANTING LEAVE TO AMEND WILL NOT PREJUDICE THE DEFENDANTS AND SERVES JUDICIAL ECONOMY

"In the Seventh Circuit, courts have focused upon whether the opposing party would be unduly prejudiced by the amendment as the key factor in deciding whether to grant a motion to amend."  *Cohn v. Taco Bell Corp.*, 1993 U.S. Dist. LEXIS 13901, at *4 (N.D. Ill. Sept. 29, 1993).   Defendants will not be prejudiced by the Plaintiffs filing an Amended Complaint.  The litigation is in its early stages and will not be substantially delayed as no discovery has taken place.

#### A. The '210 and '076 Patents are Also Owned by Intellect Wireless

Intellect Wireless' amended complaint adds two patents: United States Patent Nos. 7,257,210 ("the '210 patent") and 7,305,076 ("the '076 patent").  Both the '210 and '076 patents are owned by Intellect Wireless and are part of the same patent family as the '186 and '416 patents which are already asserted in this case.  All of these patents are owned and controlled by Intellect Wireless, so no new Plaintiff needs to be added to this case.  At present, only Sprint is accused of infringing the '210 and '076 patents. (Exhibit A, Amended Complaint).

#### B. Judicial Economy is Served by Adding the Additional Parties

Judicial economy is best served by adding the additional parties to this case because of the overlap in the claims and allegations.  Kyocera Sanyo is the successor entity to Sanyo which is now selling Sanyo branded telephones.  (Exhibit B, Sanyo Wireless Corporate Profile).  These are the exact same devices that Plaintiff accused of infringement in its original complaint against Sanyo.  Therefore, the claims asserted against Kyocera Sanyo are exactly the same as the allegations of infringement already against Sanyo: infringement of the '186 and '416 patents by Sanyo branded cellular phones.  Adding

Kyocera Sanyo to this case ensures there is one case against all Sanyo branded devices, and makes the most sense in terms of judicial economy.

As to Kyocera Wireless, judicial economy is also best served by adding that defendant to this case. Kyocera Wireless is an affiliate of Kyocera Sanyo, and both entities are wholly owned subsidiaries of Kyocera International, Inc., the North American holding company for Kyocera Corp. (Exhibit C, Press Release). Kyocera Wireless is the entity that makes, uses, sells, offers for sale and/or imports Kyocera branded cellular telephones in the United States. The claims asserted against Kyocera Wireless are similar to those asserted against Motorola, LG, Sanyo and Kyocera Sanyo: infringement of the '186 and '416 patents by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

Finally, Sprint is accused of infringing the '186 patent which was previously asserted against Motorola, LG and Sanyo. Additionally, Sprint sells and offers for sale accused handset devices made by Motorola, LG, Sanyo and Kyocera Sanyo. (Exhibit D, Sprint phones). Having both the manufacturers and retailers of the accused handset devices in one case makes the most sense in terms of judicial economy. It is most economical to have the common issues with regards to these common patents and accused products and services adjudicated in one proceeding. Absent this proposed amended complaint, the alternative is for Plaintiff to file a separate action in this judicial district against Kyocera Sanyo, Kyocera Wireless and Sprint for patent infringement.

**C.    Overlapping Discovery Can Be Consolidated**

Plaintiff's proposed addition of Kyocera Sanyo, Kyocera Wireless, Sprint and the '210 and '076 patents to this case will permit discovery, such as document production,

interrogatories, and depositions (especially with respect to Plaintiff's witnesses and experts) to be handled at one time in one proceeding, rather multiple times across multiple proceedings. For example, all of the patents have the same inventor, Daniel Henderson. Additionally, there will be overlapping discovery with regards to the Defendants since Sprint sells Motorola, LG and Sanyo cellular phones. There is even further overlap between Sanyo and Kyocera Sanyo, in that Kyocera Sanyo is now the entity that makes, uses, sells, offers for sale and/or imports Sanyo branded cellular telephones already at issue. (Exhibit C, Press Release). This benefits all parties and the Court by having one set of discovery rules and deadlines, and having one Court handle any discovery disputes.

     **D.**    **The New Patents are Only Alleged Against Sprint**

Finally, as noted above, since two of the defendants have not yet filed responsive pleadings, neither Plaintiff nor Defendants have served any discovery, and no depositions have been noticed or taken. And, importantly, with respect to the current Defendants, the new patents (the '210 and '076 patents) and claims for infringement are only alleged against Sprint. No additional patents or claims for infringement are alleged against current defendants Motorola, LG or Sanyo as can be seen from the attached proposed Amended Complaint. (Exhibit A). The '210 and '076 patents (along with the '186 patent) are being asserted against Sprint. Therefore, with respect to the current Defendants, the Amended Complaint will not prejudicially increase the scope of discovery or change the scope of the infringement allegations against the current Defendants; any increased burden will be upon Plaintiffs.

**IV.**    <u>**PLAINTIFF'S AMENDMENT IS NOT FUTILE**</u>

A proposed amendment is futile when: 1) it does not state a valid theory of liability; 2) it is insufficient to withstand a motion to dismiss; 3) it simply uses different language to

5

restate previously pleaded facts; or 4) it reasserts a previously determined claim. *SmithKline*, 2000 U.S. Dist. LEXIS 10419, at * 7. None of these apply to Plaintiff's amended complaint. Plaintiff is the assignee of the patents in suit and has all substantial rights (including the right to sue) for infringement of the patents in suit. Plaintiff's proposed Amended Complaint properly states the elements of a claim against each defendant for infringement of the patents in suit.

**V.    CONCLUSION**

For the foregoing reasons, Intellect Wireless' Motion for Leave to File an Amended Complaint should be granted.

Respectfully submitted,

/s/ David J. Mahalek
Paul K. Vickrey
Paul C. Gibbons
David J. Mahalek
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Tel:  (312) 236-0733
Fax:  (312) 236-3137

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 30, 2008, I electronically filed the foregoing **INTELLECT WIRELESS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for Defendants.

        Henry C. Bunsow
        Jonathan E. Retsky (retskyj@howrey.com)
        Thomas W. Jenkins, Jr. (Jenkinst@howrey.com)
        Nathan A. Frederick
        HOWREY LLP
        321 N. Clark Street, Suite 3400
        Chicago, IL  60610
        Tel:  (312) 846-5648
        Fax:  (312) 264-0380
        **Attorneys for Motorola, Inc.**

        Timothy J. Vezeau
        (timothy.vezeau@kattenlaw.com)
        Breighanne A. Eggert
        breighanne.eggert@kattenlaw.com
        Michael A. Dorfman
        Michael.dorfman@kattenlaw.com
        Katten Muchen Rosenman LLP
        525 W. Monroe Street
        Chicago, IL  60661
        Tel:  (312) 902-5200
        Fax:  (312) 902-1061
        **Attorneys for Sanyo Electric Co, Ltd.**

        Christopher W. Carmichael
        Christopher.carmichael@hklaw.com
        Christopher J. Murdoch
        Chris.murdoch@hklaw.com
        Holland & Knight, LLP
        131 S. Dearborn Street
        30th Floor
        Chicago, IL  60603
        Tel:  (312) 578-6641
        Fax:  (312) 578-6666


        /s/ David J. Mahalek