# Exhibit A

**Intellect Wireless, Inc. v. Motorola et al.**

**Case No. 08-C-1350**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTELLECT WIRELESS, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 08 C 1350 |
| ) | |
| v. ) | Judge Holderman |
| ) | |
| ) | Magistrate Judge Denlow |
| MOTOROLA, INC., ) | |
| LG ELECTRONICS, INC., ) | JURY TRIAL DEMANDED |
| SANYO ELECTRIC CO. LTD., ) | |
| KYOCERA SANYO TELECOM, INC., ) | |
| KYOCERA WIRELESS CORP., and ) | |
| SPRINT NEXTEL CORPORATION ) | |
| ) | |
| Defendants. ) | |

## FIRST AMENDED COMPLAINT

Plaintiff, Intellect Wireless, Inc. ("Intellect Wireless") complains of defendants Motorola, Inc. ("Motorola"), LG Electronics, Inc. ("LG"), Sanyo Electric Co., Ltd. ("Sanyo"), Kyocera Sanyo Telecom, Inc. ("Kyocera Sanyo"), Kycoera Wireless Corp. ("Kyocera Wireless") and Sprint Nextel Corporation ("Sprint") (collectively "Defendants") as follows:

## NATURE OF THE SUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

## PARTIES

2. Intellect Wireless is a Texas corporation with offices in Fort Worth, Texas and Reston, Virginia. Intellect Wireless is in the business of, among other things, commercializing its inventions relating to wireless image messaging.

3.      Daniel Henderson is the founder of Intellect Wireless, and the sole inventor of the patents-in-suit.  Mr. Henderson has been awarded 25 United States patents with several more pending that relate to picture / video messaging in wireless devices such as PDA's, portable computers and cellular phones. Mr. Henderson's prototype for a wireless picturephone device was received as part of the permanent collection of the Smithsonian Institution in the National Museum of American History.  The Honorable Senator Gordon H. Smith, (OR), declared that Mr. Henderson has "truly blazed new trails in the fields of wireless technology and digital convergence" and called him a "true visionary."

4.      Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,266,186 entitled "Method and Apparatus for Improved Paging Receiver and System" which issued on September 4, 2007 ("the '186 Patent").

5.      Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,310,416 entitled "Method and Apparatus for Improved Personal Communication Devices and Systems" which issued on December 18, 2007 ("the '416 Patent").

6.      Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,257,210 entitled "Picture Phone with Caller ID" which issued on August 14, 2007 ("the '210 Patent").

7.      Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,305,076 entitled "Method and Apparatus for Improved Paging Receiver and System" which issued on

December 4, 2007 ("the '076 Patent").

8.  Motorola is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

9.  Motorola makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

10.  LG Electronics, Inc. is a foreign corporation having a place of business at LG Twin Towers 20, Yeouido dong, Yeongdeungpo-gu, Seoul, Republic of Korea 150-721 with its United States headquarters at 10101 Old Grove Road, San Diego CA 92131.

11.  LG makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

12.  Sanyo Electric Co., Ltd. is a Japanese corporation having its principal office of business at 5-5, Keihan-Hondori, 2-chome, Moriguchi City, Osaka 570-8677 Japan and Sanyo North America Corporation has offices at 2055 Sanyo Avenue, San Diego, CA 92154.

13.  Sanyo makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

14.  Kyocera Sanyo Telecom, Inc. is a Delaware company having its principal place of business at 21605 Plummer Street, Chatsworth, California 91311.  Kyocera Sanyo is a wholly owned subsidiary of Kyocera International, Inc.

15. Kyocera Sanyo is licensed to make, use, sell, offer for sale, and/or import Sanyo branded wireless portable communication devices including cellular telephones.

16. Kyocera Wireless Corporation is a Delaware company having its principal place of business at 10300 Campus Point Drive, San Diego, California 92121. Kyocera Wireless is a wholly owned subsidiary of Kyocera International, Inc.

17. Kyocera Wireless makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

18. Sprint Nextel Corporation is a Kansas corporation having its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

19. Sprint makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones and cellular telephone services that receive messages including non-facsimile pictures and caller ID information.

## JURISDICTION AND VENUE

20. This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

21. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b). Motorola, LG, Sanyo, Kyocera Sanyo, Kyocera Wireless and Sprint transact business in this district and have committed acts of infringement in this judicial district, at least by offering to sell or selling infringing cellular telephones

and through Internet websites that are designed to reach Illinois customers and are, in fact, used by customers in this judicial district. Motorola also has its headquarters in this judicial district and transacts substantial business here.

## **PATENT INFRINGEMENT**

22. Motorola has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

23. Motorola has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

24. Motorola's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

25. LG has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID

information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

26. LG has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

27. LG's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

28. Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

29. Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and

6

instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

30. Sanyo's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

31. Kyocera Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

32. Kyocera Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

33. Kyocera Sanyo's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

34. Kyocera Wireless has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

35. Kyocera Wireless has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

36. Kyocera Wireless' infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

37. Sprint has directly and/or indirectly infringed at least one claim of the '186 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

38. Sprint has contributorily infringed or induced infringement of at least one claim of the '186 patent in violation of 35 U.S.C. § 271 through, among other

activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

39.    Sprint has directly and/or indirectly infringed at least one claim of the '210 patent, the '076 patent, and the '186 patent by making, using, selling and/or offering to sell wireless communication plans, packages and/or services that include, or optionally include, Caller ID, picture and video messaging and/or Multimedia Messaging Service.

40.    Sprint has contributorily infringed or induced infringement of at least one claim of the '210 patent, the '076 patent, and the '186 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing plans, packages and/or services that include, or optionally include, caller ID and video messaging and/or Multimedia Messaging Service and demonstrating and instructing subscribers to its plans, packages and/or services how to utilize its picture and video messages service and/or Multimedia Messaging Service through its user guides and manuals, at its websites at www.sprint.com and http://support.sprint.com/.

41.    Sprint's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff, Intellect Wireless, Inc., respectfully requests this Court enter judgment against Motorola, LG, Sanyo, Kyocera Sanyo, Kyocera Wireless, and Sprint, and against their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them, granting the following relief:

A. The entry of judgment in favor of Intellect Wireless;

B. An award of damages adequate to compensate Intellect Wireless for the infringement that has occurred (together with prejudgment interest from the date the infringement began), but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to Intellect Wireless of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement, inducement of infringement and/or contributory infringement of the '186, '416, '210, and '076 patents; and,

E. Such other relief that Intellect Wireless is entitled to under law and any other relief that this Court or a jury may deem just and proper.

## **JURY DEMAND**

Intellect Wireless demands a trial by jury on all issues presented in this complaint.

          INTELLECT WIRELESS INC.

          /s/ Paul K. Vickrey
          Paul K. Vickrey
          Paul C. Gibbons
          David J. Mahalek
          Niro, Scavone, Haller & Niro
          181 West Madison, Suite 4600
          Chicago, Illinois  60602-4515
          (312) 236-0733
          Fax: (312) 236-3137