IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| INTELLECT WIRELESS, INC. <br><br> Plaintiff, <br><br> v. <br><br> MOTOROLA, INC., LG ELECTRONICS, INC., SANYO ELECTRIC CO. LTD., KYOCERA SANYO TELECOM, INC., KYOCERA WIRELESS CORP., and SPRINT NEXTEL CORPORATION, <br><br> Defendants. | Civil Action No. 08 C 1350 <br><br> Judge Holderman <br><br> Magistrate Judge Denlow <br><br> JURY TRIAL DEMANDED |

## KYOCERA WIRELESS CORP.'S ANSWER AND COUNTERCLAIMS TO FIRST AMENDED COMPLAINT

Defendant Kyocera Wireless Corp. ("Kyocera Wireless") files this Answer and Counterclaims to the First Amended Complaint of Plaintiff Intellect Wireless, Inc. ("Intellect Wireless").

### NATURE OF THE SUIT

**Complaint ¶ 1:**   This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:**   Kyocera Wireless admits that Intellect Wireless purports to assert a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### PARTIES

**Complaint ¶ 2:**   Intellect Wireless is a Texas corporation with offices in Fort Worth, Texas and Reston, Virginia. Intellect Wireless is in the business of, among other things, commercializing its inventions relating to wireless image messaging.

**ANSWER:**   Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegation that Intellect Wireless is a Texas corporation with offices in

Fort Worth, Texas and Reston, Virginia or that Intellect Wireless is in the business of, among other things, commercializing its inventions relating to wireless image messaging and therefore denies the same.

**Complaint ¶ 3:**   Daniel Henderson is the founder of Intellect Wireless, and the sole inventor of the patents-in-suit. Mr. Henderson has been awarded 25 United States patents with several more pending that relate to picture / video messaging in wireless devices such as PDA's, portable computers and cellular phones. Mr. Henderson's prototype for a wireless picturephone device was received as part of the permanent collection of the Smithsonian Institution in the National Museum of American History. The Honorable Senator Gordon H. Smith, (OR), declared that Mr. Henderson has "truly blazed new trails in the fields of wireless technology and digital convergence" and called him a "true visionary."

**ANSWER:**   Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Daniel Henderson and therefore denies the same.

**Complaint ¶ 4:**   Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,266,186 entitled "Method and Apparatus for Improved Paging Receiver and System" which issued on September 4, 2007 ("the '186 Patent").

**ANSWER:**   Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,266,186 entitled "Method and Apparatus for Improved Paging Receiver and System" which purportedly issued on September 4, 2007 ("the '186 Patent") and therefore denies the same.

**Complaint ¶ 5:** Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,310,416 entitled "Method and Apparatus for Improved Personal Communication Devices and Systems" which issued on December 18, 2007 ("the '416 Patent").

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,310,416 entitled "Method and Apparatus for Improved Personal Communication Devices and Systems" which purportedly issued on December 18, 2007 ("the '416 Patent") and therefore denies the same.

**Complaint ¶ 6:** Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,257,210 entitled "Picture Phone with Caller ID" which issued on August 14, 2007 ("the '210 Patent").

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,257,210 entitled "Picture Phone with Caller ID" which purportedly issued on August 14, 2007 ("the '210 Patent") and therefore denies the same.

**Complaint ¶ 7:** Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,305,076 entitled "Method and Apparatus for Improved Paging Receiver and System" which issued on December 4, 2007 ("the '076 Patent").

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,305,076 entitled "Method

and Apparatus for Improved Paging Receiver and System" which purportedly issued on December 4, 2007 ("the '076 Patent") and therefore denies the same.

**Complaint ¶ 8:** Motorola is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Motorola is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196 and therefore denies the same.

**Complaint ¶ 9:** Motorola makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Motorola makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones and therefore denies the same.

**Complaint ¶ 10:** LG Electronics, Inc. is a foreign corporation having a place of business at LG Twin Towers 20, Yeouido dong, Yeongdeungpo-gu, Seoul, Republic of Korea 150-721 with its United States headquarters at 10101 Old Grove Road, San Diego CA 92131.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that LG Electronics, Inc. is a foreign corporation having a place of business at LG Twin Towers 20, Yeouido dong, Yeongdeungpo-gu, Seoul, Republic of Korea 150-721 with its United States headquarters at 10101 Old Grove Road, San Diego CA 92131 and therefore denies the same.

**Complaint ¶ 11:** LG makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that LG makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones and therefore denies the same.

**Complaint ¶ 12:** Sanyo Electric Co., Ltd. is a Japanese corporation having its principal offices at 5-5, Keihan-Hondori, 2-chome, Moriguchi City, Osaka 570-8677 Japan and Sanyo North America Corporation has offices at 2055 Sanyo Avenue, San Diego, CA 92154.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sanyo Electric Co., Ltd. is a Japanese corporation having its principal offices at 5-5, Keihan-Hondori, 2-chome, Moriguchi City, Osaka 570-8677 Japan or that Sanyo North America Corporation has offices at 2055 Sanyo Avenue, San Diego, CA 92154 and therefore denies the same.

**Complaint ¶ 13:** Sanyo makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sanyo makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones and therefore denies the same.

**Complaint ¶ 14:** Kyocera Sanyo Telecom, Inc. is a Delaware company having its principal place of business at 21605 Plummer Street, Chatsworth, California 91311. Kyocera Sanyo is a wholly owned subsidiary of Kyocera International, Inc.

**ANSWER:** Kyocera Wireless admits that Kyocera Sanyo is a Delaware company having its principal place of business at 21605 Plummer Street, Chatsworth, California 91311 and admits that Kyocera Sanyo is a wholly owned subsidiary of Kyocera International, Inc.

**Complaint ¶ 15:** Kyocera Sanyo is licensed to make, use, sell, offer for sale, and/or import Sanyo branded wireless portable communication devices including cellular telephones.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Kyocera Sanyo is licensed to make, use, sell, offer for sale, and/or import Sanyo branded wireless portable communication devices including cellular telephones.

**Complaint ¶ 16:** Kyocera Wireless Corporation is a Delaware company having its principal place of business at 10300 Campus Point Drive, San Diego, California 92121. Kyocera Wireless is a wholly owned subsidiary of Kyocera International, Inc.

**ANSWER:** Kyocera Wireless admits that it is a Delaware company having its principal place of business at 10300 Campus Point Drive, San Diego, California 92121 and admits that it is a wholly owned subsidiary of Kyocera International, Inc.

**Complaint ¶ 17:** Kyocera Wireless makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:** Kyocera Wireless admits that it makes, uses, sells, offers for sale and/or imports certain wireless portable communication devices including cellular telephones.

**Complaint ¶ 18:** Sprint Nextel Corporation is a Kansas corporation having its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sprint Nextel Corporation is a Kansas corporation

having its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251 and therefore denies the same.

**Complaint ¶ 19:**   Sprint makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones and cellular telephone services that receive messages including non-facsimile pictures and caller ID information.

<u>**ANSWER:**</u>   Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sprint makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones and cellular telephone services that receive messages including non-facsimile pictures and caller ID information and therefore denies the same.

## JURISDICTION AND VENUE

**Complaint ¶ 20:**   This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

<u>**ANSWER:**</u>   Kyocera Wireless admits that this Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

**Complaint ¶ 21:**   Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b). Motorola, LG, Sanyo, Kyocera Sanyo, Kyocera Wireless and Sprint transact business in this district and have committed acts of infringement in this judicial district, at least by offering to sell or selling infringing cellular telephones and through Internet websites that are designed to reach Illinois customers and are, in fact, used by customers in this judicial district. Motorola also has its headquarters in this judicial district and transacts substantial business here.

<u>**ANSWER:**</u>   Kyocera Wireless admits that venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).  Kyocera Wireless admits that it transacts business in this district but denies that it has committed acts of infringement in this judicial district.  Kyocera

Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Motorola, LG, Sanyo, Kyocera Sanyo and Sprint transact business in this district and have committed acts of infringement in this judicial district and therefore denies the same. Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Motorola has its headquarters in this judicial district and transacts substantial business here and therefore denies the same.

**Complaint ¶ 22:**   Plaintiff has complied with the requirements of 35 U.S.C. §287.

**ANSWER:**   Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiff has complied with the requirements of 35 U.S.C. §287 and therefore denies the same.

## PATENT INFRINGEMENT

**Complaint ¶ 23:**   Motorola has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:**   Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Motorola has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent and therefore denies the same.

**Complaint ¶ 24:**   Motorola has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Motorola has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent and therefore denies the same.

**Complaint ¶ 25:** Motorola's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Motorola's alleged infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and that Intellect Wireless is entitled to recover damages and therefore denies the same.

**Complaint ¶ 26:** LG has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that LG has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent and therefore denies the same.

**Complaint ¶ 27:** LG has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

sd-436757

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that LG has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent and therefore denies the same.

**Complaint ¶ 28:** LG's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that LG's alleged infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and that Intellect Wireless is entitled to recover damages and therefore denies the same.

**Complaint ¶ 29:** Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent and therefore denies the same.

**Complaint ¶ 30:** Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent and therefore denies the same.

**Complaint ¶ 31:** Sanyo's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sanyo's alleged infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and that Intellect Wireless is entitled to recover damages and therefore denies the same.

**Complaint ¶ 32:** Kyocera Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Kyocera Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent and therefore denies the same.

**Complaint ¶ 33:** Kyocera Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable

sd-436757

11

communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Kyocera Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent and therefore denies the same.

**Complaint ¶ 34:** Kyocera Sanyo's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Kyocera Sanyo's alleged infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and that Intellect Wireless is entitled to recover damages and therefore denies the same.

**Complaint ¶ 35:** Kyocera Wireless has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:** Kyocera Wireless denies that it has directly and/or indirectly infringed any claim of the '186 patent or '416 patent.

**Complaint ¶ 36:** Kyocera Wireless has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable

communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:** Kyocera Wireless denies that it has contributorily infringed or induced infringement of any claim of the '186 patent or '416 patent.

**Complaint ¶ 37:** Kyocera Wireless' infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:** Kyocera Wireless denies that it has infringed, contributorily infringed, or induced the infringement of the patents asserted against it and therefore denies that Intellect Wireless is entitled to recover damages from Kyocera Wireless.

**Complaint ¶ 38:** Sprint has directly and/or indirectly infringed at least one claim of the '186 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sprint has directly and/or indirectly infringed at least one claim of the '186 patent and therefore denies the same.

**Complaint ¶ 39:** Sprint has contributorily infringed or induced infringement of at least one claim of the '186 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

13

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sprint has contributorily infringed or induced infringement of at least one claim of the '186 patent and therefore denies the same.

**Complaint ¶ 40:** Sprint has directly and/or indirectly infringed at least one claim of the '210 patent, the '076 patent, and the '186 patent by making, using, selling and/or offering to sell wireless communication plans, packages and/or services that include, or optionally include, Caller ID, picture and video messaging and/or Multimedia Messaging Service.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sprint has directly and/or indirectly infringed at least one claim of the '210 patent, the '076 patent, and the '186 patent and therefore denies the same.

**Complaint ¶ 41:** Sprint has contributorily infringed or induced infringement of at least one claim of the '210 patent, the '076 patent, and the '186 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing plans, packages and/or services that include, or optionally include, caller ID and video messaging and/or Multimedia Messaging Service and demonstrating and instructing subscribers to its plans, packages and/or services how to utilize its picture and video messages service and/or Multimedia Messaging Service through its user guides and manuals, at its websites at www.sprint.com and http://support.sprint.com/.

**ANSWER:** Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sprint has contributorily infringed or induced infringement of at least one claim of the '210 patent, the '076 patent, and the '186 patent and therefore denies the same.

**Complaint ¶ 42:** Sprint's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**　　Kyocera Wireless is without knowledge or information sufficient to form a belief as to the truth of the allegations that Sprint's alleged infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and that Intellect Wireless is entitled to recover damages and therefore denies the same.

### AFFIRMATIVE DEFENSES

Without admitting or acknowledging that it bears the burden of proof as to any of them, Kyocera Wireless asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1.　　The First Amended Complaint, and each cause of action therein, fails to state any claims against Kyocera Wireless upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

2.　　Kyocera Wireless has not directly infringed, indirectly infringed, contributed to, or induced the infringement of any valid, assertable claim of the '186 patent or the '416 patent, and has not otherwise committed any acts in violation of 35 U.S.C. §§ 271 or 281.

### THIRD AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

3.　　By reason of the proceedings in the PTO, including the prosecution of the applications that resulted in the '186 patent and the '416 patent, and by reason of elections, positions, concessions, representations, and statements therein taken or made by or on behalf of the applicants for such patents, Intellect Wireless is estopped from construing the claims of the patents-in-suit, even if it were otherwise possible, to cover and include any products made, used, or sold by Kyocera Wireless or any acts by Kyocera Wireless.

## FOURTH AFFIRMATIVE DEFENSE

### (Invalidity)

4. Claims of the '186 patent and the '416 patent are void, invalid, and unenforceable for failing to meet the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

5. Intellect Wireless is estopped from asserting the '186 patent and the '416 patent against Kyocera Wireless to the extent that Intellect Wireless unreasonably delayed in filing suit against Kyocera Wireless.

## SIXTH AFFIRMATIVE DEFENSE

### (Damages Barred by Lack of Notice)

6. Intellect Wireless's claim for damages is barred, in whole or in part, by a failure to satisfy the requirements of 35 U.S.C. § 287(a).

## SEVENTH AFFIRMATIVE DEFENSE

### (Costs Unavailable)

7. On information and belief, Intellect Wireless is precluded from seeking recovery of its costs under the provisions of 35 U.S.C. § 288.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Direct Infringement)

8. Kyocera Wireless does not infringe, contribute to the infringement, or induce the infringement of some or all of the claims of the patents-in-suit because, among other reasons, the claims at issue require multiple people or entities to carry out the steps of the claim and therefore the requisite act of direct infringement is lacking.

### NINTH AFFIRMATIVE DEFENSE

### (Prosecution Laches)

9. Intellect Wireless' claims are barred in whole or in part by the doctrine of prosecution laches.

### TENTH AFFIRMATIVE DEFENSE

### (Miscellaneous)

10. Kyocera Wireless reserves the right to assert any other defenses that discovery may reveal.

### **COUNTERCLAIMS**

### NATURE OF THE ACTION

1. Kyocera Wireless brings this counterclaim for declaratory judgment that Kyocera Wireless does not infringe the claims of the '186 patent or the '416 patent.

2. Kyocera Wireless brings this counterclaim for declaratory judgment that the claims of the '186 patent and '416 patent are invalid.

### THE PARTIES

3. Defendant and Counterclaimant Kyocera Wireless is a Delaware company having its principal place of business at 10300 Campus Point Drive, San Diego, California 92121.

4. As pled by Intellect Wireless in Paragraph 2 of its First Amended Complaint, Intellect Wireless is a Texas corporation with offices in Fort Worth, Texas and Reston, Virginia.

### JURISDICTION

5. This action for a declaration of patent invalidity and non-infringement arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the United States patent laws, 35 U.S.C. §§ 101, *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a). In addition, because there are now claims pending before this Court that involve substantially related questions of law and fact, this Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. § 1367.

6.   Intellect Wireless filed suit against Kyocera Wireless and alleged in its First Amended Complaint that Kyocera Wireless is infringing and/or has infringed the '186 patent and '416 patent. As a result of these allegations, and the filing of the lawsuit, a justiciable controversy exists between Kyocera Wireless and Intellect Wireless concerning the validity, enforceability and scope of the asserted patents and any liability for alleged infringement of these patents.

7.   Intellect Wireless's actions in asserting that Kyocera Wireless infringes the '186 patent and '416 patent have caused an actual and justiciable controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202 regarding the '186 patent and '416 patent.

## COUNTERCLAIM FOR NON-INFRINGEMENT

**(Declaratory Judgment of Non-Infringement of the '186 Patent and '416 Patent)**

8.   Kyocera Wireless realleges and incorporates by reference Paragraphs 1-7 of the Counterclaims, Paragraphs 1-42 of the Answer and each of its Affirmative Defenses.

9.   Intellect Wireless has alleged and claimed that it owns the '186 patent and '416 patent, and Intellect Wireless has alleged and claimed that Kyocera Wireless infringes these patents.

10.  Kyocera Wireless has not directly, indirectly and/or willfully infringed and does not directly, indirectly and/or willfully infringe the '186 patent or the '416 patent.

11.  Kyocera Wireless is therefore entitled to a declaratory judgment that it has not infringed and does not infringe the '186 patent and has not infringed and does not infringe the '416 patent.

## COUNTERCLAIM FOR PATENT INVALIDITY

**(Declaratory Judgment of Invalidity of the '186 Patent and '416 Patent)**

12.  Kyocera Wireless realleges and incorporates by reference Paragraphs 1-11 of the Counterclaims, Paragraphs 1-42 of the Answer and each of its Affirmative Defenses.

13. The '186 patent and '416 patent fail to meet the requirements of the patent laws of the United States, including, but not limited to, one or more provisions of 35 U.S.C. §§ 101, 102, 103 and 112 and are therefore invalid.

14. Kyocera Wireless is therefore entitled to a declaratory judgment that the '186 patent and '416 patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, Kyocera Wireless requests that the Court award the following relief:

A. Dismiss Intellect Wireless's First Amended Complaint with prejudice and find that Intellect Wireless takes nothing by its claims;

B. Enter judgment in favor of Kyocera Wireless and against Intellect Wireless on all claims in the First Amended Complaint;

C. Declare that Kyocera Wireless has not infringed any valid claim of the '186 patent or '416 patent;

D. Declare that the '186 patent and '416 patent, or some or all of the claims therein, are void, invalid and unenforceable;

E. Enjoin Intellect Wireless, its assigns, and all those in privity therewith from asserting the '186 patent or '416 patent against Kyocera Wireless or any of its customers or suppliers;

F. Find this case to be an exceptional case and award Kyocera Wireless attorneys' fees and costs (including expert fees) under 35 U.S.C. § 285; and

G. Grant such other and further relief as the Court deems just and proper.

## JURY DEMAND

Kyocera Wireless demands a trial by jury of any and all issues triable as of right by a jury in this action.

Dated: August 28, 2008

By:     /s/ Daniel J. O'Connor

David C. Doyle (CA Bar No. 70690)
(pro hac admission pending)
DDoyle@mofo.com
M. Andrew Woodmansee (CA Bar No. 201780; IL Bar No.6244149)
MAWoodmansee@mofo.com
Greg Reilly (CA Bar No. 250232)
(pro hac admission pending)
GReilly@mofo.com
Philip A. Morin (CA Bar No. 256864)
(pro hac admission pending)
PMorin@mofo.com
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 100
San Diego, California  92130-2040
Telephone: 858.720 5100
Facsimile: 858.720.5125

Daniel J. O'Connor
(IL Bar No. 2086271)
Daniel.J.O'Connor@bakernet.com
BAKER & MCKENZIE LLP
One Prudential Plaza
130 East Randolph Drive
Chicago, IL  60601
Telephone: 312.861.8000
Facsimile: 312.861.2899

Attorneys for Defendant
KYOCERA WIRELESS CORP.