## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| INTELLECT WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | No. 08 CV 1350 |
| | ) | |
| v. | ) | Judge Holderman |
| | ) | |
| MOTOROLA, INC., | ) | Magistrate Judge Denlow |
| LG ELECTRONICS, INC., | ) | |
| SANYO ELECTRIC CO. LTD., | ) | |
| KYOCERA SANYO TELECOM, INC., | ) | |
| KYOCERA WIRELESS CORP., and | ) | |
| SPRINT NEXTEL CORPORATION | ) | |
| | ) | |
| Defendants. | ) | |

## LG ELECTRONICS, INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO INTELLECT WIRELESS, INC.'S FIRST AMENDED COMPLAINT

Defendant LG Electronics, Inc. ("LG") answers Plaintiff Intellect Wireless,

Inc.'s ("Intellect Wireless") First Amended Complaint as follows.

## NATURE OF THE SUIT

1.    This is a claim for patent infringement arising under the patent laws
of the United States, Title 35 of the United States Code.

**ANSWER**:  LG admits that this purports to be a claim for patent infringement

arising under the patent laws of the United States, Title 35 of the United States

Code.

## PARTIES

2.    Intellect Wireless is a Texas corporation with offices in Forth Worth,
Texas and Reston, Virginia.  Intellect Wireless is in the business of,
among other things, commercializing its inventions relating to wireless
image messaging.

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 2.

> 3.  Daniel Henderson is the founder of Intellect Wireless, and the sole inventor of the patents-in-suit.  Mr. Henderson has been awarded 25 United States patents with several more pending that relate to picture/video messaging in wireless devices such as PDA's, portable computers and cellular phones.  Mr. Henderson's prototype for a wireless picturephone device was received as part of the permanent collection of the Smithsonian Institution in the National Museum of American History.  The Honorable Senator Gordon H. Smith, (OR), declared that Mr. Henderson has "truly blazed new trails in the fields of wireless technology and digital convergence" and called him a "true visionary."

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 3.

> 4.  Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,266,186 entitled "Method and Apparatus for Improved Paging Receiver and System" which issued on September 4, 2007 ("the '186 Patent").

**ANSWER**:  LG admits that United States Patent No. 7,266,186 ("the '186 patent")

issued on September 4, 2007, but denies that it is entitled "Method and Apparatus

for Improved Paging Receiver and System."  LG lacks sufficient information and

belief to admit or deny the other allegations of paragraph 4.

> 5.  Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,310,416 entitled "Method and Apparatus for Improved Personal Communication Devices and Systems" which issued on December 18, 2007 ("the '416 Patent").

**ANSWER**:  LG admits that United States Patent No. 7,310,416 ("the '416 patent")

is entitled "Method and Apparatus for Improved Personal Communication Devices

and Systems" and issued on December 18, 2007, but lacks sufficient information

and belief to admit or deny the other allegations of paragraph 5.

6.    Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,257,210 entitled "Picture Phone with Caller ID" which issued on August 14, 2007 ("the '210 Patent").

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 6.

7.    Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,305,076 entitled "Method and Apparatus for Improved Paging Receiver and System" which issued on December 4, 2007 ("the '076 Patent").

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 7.

8.    Motorola is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 8.

9.    Motorola makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 9.

10.    LG Electronics, Inc. is a foreign corporation having a place of business at LG Twin Towers 20, Yeouido dong, Yeongdeungpo-gu, Seoul, Republic of Korea 150-721 with its United States headquarters at 10101 Old Grove Road, San Diego CA 92131.

**ANSWER**:  LG admits that it is a foreign corporation having a place of business at

LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea; the

other allegations are denied.

      11.     LG makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER**:  LG admits that LG mobile phones are sold in the market, but lacks sufficient information and belief to admit or deny the other allegations of paragraph 11.

      12.     Sanyo Electric Co., Ltd. is a Japanese corporation having its principal offices at 5-5, Keihan-Hondori, 2-chome, Moriguchi City, Osaka 570-8677 Japan and Sanyo North America Corporation has offices at 2055 Sanyo Avenue, San Diego, CA 92154.

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the allegations of paragraph 12.

      13.     Sanyo makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the allegations of paragraph 13.

      14.     Kyocera Sanyo Telecom, Inc. is a Delaware company having its principal place of business at 21605 Plummer Street, Chatsworth, California 91311.  Kyocera Sanyo is a wholly owned subsidiary of Kyocera International, Inc.

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the allegations of paragraph 14.

      15.     Kyocera Sanyo is licensed to make, use, sell, offer for sale, and/or import Sanyo branded wireless portable communication devices including cellular telephones.

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the allegations of paragraph 15.

16.    Kyocera Wireless Corporation is a Delaware company having its principal place of business at 10300 Campus Point Drive, San Diego, California 92121.  Kyocera Wireless is a wholly owned subsidiary of Kyocera International, Inc.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 16.

17.    Kyocera Wireless makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 17.

18.    Sprint Nextel Corporation is a Kansas corporation having its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 18.

19.    Sprint makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones and cellular telephone services that receive messages including non-facsimile pictures and caller ID information.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 19.

## JURISDICTION AND VENUE

20.    This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

**ANSWER**:   LG admits that this Court has exclusive jurisdiction over the subject

matter of this case under 28 U.S.C. § 1338(a).

21.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b).  Motorola, LG, Sanyo, Kyocera Sanyo, Kyocera Wireless and

Sprint transact business in this district and have committed acts of infringement in this judicial district, at least by offering to sell or selling infringing cellular telephones and through Internet websites that are designed to reach Illinois customers and are, in fact, used by customers in this judicial district.  Motorola also has its headquarters in this judicial district and transacts substantial business here.

**ANSWER**:  LG admits that venue is proper in this judicial district under 28 U.S.C.

§ 1391 and § 1400(b).  LG lacks sufficient information and belief to admit or deny

the other allegations of paragraph 21.

22.    Plaintiff has complied with the requirements of 35 U.S.C. § 287.

**ANSWER**:  LG admits that Intellect Wireless filed a complaint on March 6, 2008

for patent infringement alleging infringement of U.S. patent Nos. 7,266,186 and

7,310,416 by LG; the other allegations are denied.

## PATENT INFRINGEMENT

23.    Motorola has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 23.

24.    Motorola has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER**:  LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 24.

25.     Motorola's infringement, contributory infringement and/or inducement
        to infringe has injured Intellect Wireless and it is entitled to recover
        damages adequate to compensate it for such infringement, but in no
        event less than a reasonable royalty.

**ANSWER**:    LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 25.

26.     LG has directly and/or indirectly infringed at least one claim of the '186
        patent and '416 patent by making, using, selling and/or offering to sell
        wireless portable communication devices that receive and display caller
        ID information, non-facsimile pictures, video messages and/or
        Multimedia Messaging Service.

**ANSWER**:    LG denies the allegations of paragraph 26.

27.     LG has contributorily infringed or induced infringement of at least one
        claim of the '186 patent and '416 patent in violation of 35 U.S.C. §
        271 through, among other activities, by providing wireless portable
        communication devices that receive and display caller ID information,
        non-facsimile pictures, video messages and/or Multimedia Messaging
        Service and demonstrating and instructing users of its wireless portable
        communication devices how to utilize its picture and video messages
        service and/or Multimedia Messaging Service.

**ANSWER**:    LG denies the allegations of paragraph 27.

28.     LG's infringement, contributory infringement and/or inducement to
        infringe has injured Intellect Wireless and it is entitled to recover
        damages adequate to compensate it for such infringement, but in no
        event less than a reasonable royalty.

**ANSWER**:    LG denies the allegations of paragraph 28.

29.     Sanyo has directly and/or indirectly infringed at least one claim of the
        '186 patent and '416 patent by making, using, selling and/or offering to
        sell wireless portable communication devices that receive and
        display caller ID information, non-facsimile pictures, video messages
        and/or Multimedia Messaging Service.

**ANSWER**:    LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 29.

30. Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 30.

31. Sanyo's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 31.

32. Kyocera Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 32.

33. Kyocera Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through,    among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 33.

34.   Kyocera Sanyo's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 34.

35.   Kyocera Wireless has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 35.

36.   Kyocera Wireless has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and  instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 36.

37.   Kyocera Wireless' infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 37.

38.    Sprint has directly and/or indirectly infringed at least one claim of the '186 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER**:    LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 38.

39.    Sprint has contributorily infringed or induced infringement of at least one claim of the '186 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER**:    LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 39.

40.    Sprint has directly and/or indirectly infringed at least one claim of the '210 patent, the '076 patent, and the '186 patent by making, using, selling and/or offering to sell wireless communication plans, packages and/or services that include, or optionally include, Caller ID, picture and video messaging and/or Multimedia Messaging Service.

**ANSWER**:    LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 40.

41.    Sprint has contributorily infringed or induced infringement of at least one claim of the '210 patent, the '076 patent, and the '186 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing plans, packages and/or services that include, or optionally include, caller ID and video messaging and/or Multimedia Messaging Service and demonstrating and instructing subscribers to its plans, packages and/or services how to utilize its picture and video messages service and/or Multimedia Messaging Service through its user guides and manuals, at    its websites at www.sprint.com and http://support.sprint.com/.

10

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 41.

> 42.    Sprint's infringement, contributory infringement and/or inducement to
> infringe has injured Intellect Wireless and it is entitled to recover
> damages adequate to compensate if for such infringement, but in no
> event less than an reasonable royalty.

**ANSWER**:   LG lacks sufficient information and belief to admit or deny the

allegations of paragraph 42.

### PRAYER FOR RELIEF

LG denies that Intellect Wireless is entitled to any of the relief prayed for in

its First Amended Complaint.

### JURY DEMAND

LG does not object to a trial by jury on issues so triable, but otherwise objects

to Intellect Wireless' demand for a jury trial on "all issues."

### AFFIRMATIVE DEFENSES

For its affirmative defenses, LG alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

43.    Upon information and belief, LG has not infringed and is not

infringing (either literally or under the doctrine of equivalents) any claims of the

Asserted Patents directly, contributorily, or by inducement.

### SECOND AFFIRMATIVE DEFENSE

44.    Upon information and belief, one or more claims of the '186, and/or

'416 patents (collectively, "the Asserted Patents") are invalid and/or unenforceable

for failure to meet the requirements of one or more sections of Title 35, United States Code and Title 37, Code of Federal Regulations.  In particular, one or more claims of the Asserted Patents are invalid and/or unenforceable for failure to meet the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE

45.    Upon information and belief, the Asserted Patents are unenforceable because Intellect Wireless and/or others substantively involved with the prosecution of the Asserted Patents and related applications acted inequitably in prosecuting them before the United States Patent and Trademark Office ("PTO").  The acts, omissions, and misrepresentations constituting inequitable conduct included failure to disclose material prior art and material information in connection with the prosecution of the Asserted Patents, in violation of the duty to prosecute patent applications in the PTO with candor, good faith, and honesty.  37 C.F.R. § 1.56.

46.    During the prosecution of the '186 patent, the Applicant and his attorney failed to bring to the Examiner's attention U.S. Patent Nos. 5,281,962; 5,307,059; 5,343,319; 5,495,236; 5,583,921; 5,659,890; 5,739,759; 6,097,308; 6,160,489; 6,301,608; and also foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324.

47.    U.S. Patent No. 5,281,962 ("the '962 patent") was material to the '186 patent, as it was cited by the Examiner during the prosecution of the '416 patent, and it was discussed in the prosecution of the '210 patent.  Furthermore, it was one of the references that formed the basis of the invalidity defense in <u>SmartCall</u>

Licensing Incorporated, v. Cellco Partnership, Civil Action No. 05-cv-7160 (N.D. Ill.)
(the "SmartCall lawsuit"), where the Applicant asserted U.S. Patent No. 6,427,064
("the '064 patent"). The '064 patent discloses and claims subject matter similar to
that of the '186 patent.

48.    The Applicant and his attorney were aware of the '962 patent, as
evidenced by the Applicant's statement to the Examiner, during the prosecution of
Application No. 11/055,846 ("the '210 patent"), that he became aware of the '962
patent through the SmartCall lawsuit. Yet, the '962 patent was never cited to the
PTO during the prosecution of the '186 patent.

49.    U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489;
and foreign patent WO 91/03885 were material to the '186 patent, as they were
cited by the Examiner during the prosecution of a related patent, United States
Patent No. 7,305,076 ("the '076 patent").

50.    The Applicant and his attorney were made aware of U.S. Patent Nos.
5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; and foreign patent WO
91/03885 by the Examiner's citation of these references during the prosecution of
the '076 patent, yet none of these references were cited to the PTO during the
prosecution of the '186 patent.

51.    U.S. Patent No. 5,343,319 ("the '319 patent") was material to the '186
patent, as it was cited by the Examiner during the prosecution of the '416 and '210
patents.

52.    The Applicant and his attorney were made aware of the '319 patent by

the Examiner's citation of this patent during the prosecution of the '416 and '210 patents, yet the '319 patent was not cited to the PTO during the prosecution of the '186 patent.

53.    U.S. Patent Nos. 5,659,890 ("the '890 patent") and 6,097,308 ("the '308 patent") were material to the '186 patent, as they were cited by the Examiner during the prosecution of the '416 patent.

54.    The Applicant and his attorney were made aware of the '890 and '308 patents by the Examiner's citation of these patents during the prosecution of the '416 patent, yet neither of these references were cited to the PTO during the prosecution of the '186 patent.

55.    U.S. Patent No. 6,301,608 ("the '608 patent") and foreign patent EP 0588101 were material to the '186 patent, as they were cited by the Examiner during the prosecution of the '210 patent.

56.    The Applicant and his attorney were made aware of the '608 patent and the EP 0588101 patent by the Examiner's citation during the prosecution of the '210 patent, yet they were not cited to the PTO during the prosecution of the '186 patent.

57.    Foreign patent JP H04-2.93324 was material to the '186 patent, as it was discussed in the prosecution of the '210 patent.  Furthermore, it was one of the references that formed the basis of the invalidity defense in the <u>SmartCall lawsuit</u>.

58.    The Applicant and his attorney were aware of foreign patent JP H04-2.93324, as evidenced by the Applicant's statement to the Examiner, during the

14

prosecution of the '210 patent, that he became aware of the JP H04-2.93324 patent through the <u>SmartCall lawsuit</u>, yet it was not cited to the PTO during the prosecution of the '186 patent.

59.     The failure to disclose U.S. Patent Nos. 5,281,962; 5,307,059; 5,343,319; 5,495,236; 5,583,921; 5,659,890; 5,739,759; 6,097,308; 6,160,489; 6,301,608; and foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324 to the PTO during the prosecution of the '186 patent was done with the intention of deceiving the PTO in order to secure the issuance of the '186 patent.

60.     Moreover, during the prosecution of the '416 patent, the Applicant and his attorney failed to bring to the Examiner's attention U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; 6,301,608; and also foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324.

61.     U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; and foreign patent WO 91/03885 were material to the '416 patent, as they were cited by the Examiner during the prosecution of the '076 patent.

62.     The Applicant and his attorney were made aware of U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; and foreign patent WO 91/03885 by the Examiner's citation of these references during the prosecution of the '076 patent, yet none of these references were cited to the PTO during the prosecution of the '416 patent.

63.     The '608 patent and foreign patent EP 0588101 were material to the '416 patent, as they were cited by the Examiner during the prosecution of the '210

15

patent.

64.     The Applicant and his attorney were made aware of the '608 patent and the EP 0588101 patent by the Examiner's citation during the prosecution of the '210 patent, yet they were not cited to the PTO during the prosecution of the '416 patent.

65.     Foreign patent JP H04-2.93324 was material to the '416 patent, as it was discussed in the prosecution of the '210 patent.  Furthermore, it was one of the references that formed the basis of the invalidity defense in the <u>SmartCall lawsuit</u>.

66.     The Applicant and his attorney were aware of foreign patent JP H04-2.93324, as evidenced by the Applicant's statement to the Examiner, during the prosecution of the '210 patent, that he became aware of the JP H04-2.93324 patent through the <u>SmartCall lawsuit</u>, yet it was not cited to the PTO during the prosecution of the '416 patent.

67.     The failure to disclose U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; 6,301,608; and foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324 to the PTO during the prosecution of the '416 patent was done with the intention of deceiving the PTO in order to secure the issuance of the '416 patent.

## FOURTH AFFIRMATIVE DEFENSE

68.     Upon information and belief, Intellect Wireless is estopped from asserting that the claims of the Asserted Patents cover the accused products or acts of LG based on, for example, amendments, representations, concessions and

admissions made by and/or on behalf of the Applicant during prosecution of the applications that led to the issuance of the Asserted Patents.

### FIFTH AFFIRMATIVE DEFENSE

69.     Upon information and belief, Intellect Wireless' claims are barred in whole or in part by the doctrine of equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE

70.     Upon information and belief, Intellect Wireless' claims are barred in whole or in part by the doctrine of prosecution laches.

### SEVENTH AFFIRMATIVE DEFENSE

71.     Upon information and belief, Intellect Wireless' claims are barred in whole or in part by the doctrine of equitable estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

72.     Upon information and belief, Intellect Wireless is barred from seeking equitable relief from the Court by the doctrine of unclean hands because of its assertion of patents known to be invalid and/or unenforceable.

### NINTH AFFIRMATIVE DEFENSE

73.     Upon information and belief, Intellect Wireless is not entitled to injunctive relief because any injury is not irreparable, Intellect Wireless has an adequate remedy at law, and the balance of hardship and the public interest do not favor injuctive relief.

### TENTH AFFIRMATIVE DEFENSE

74.     Upon information and belief, any alleged damages are partially or fully

barred by 35 U.S.C. § 287.

## COUNTERCLAIMS

LG asserts the following counterclaims:

## THE PARTIES

75.    Counterclaim-Plaintiff LG is a foreign corporation having a place of business at LG Twin Towers, 20 Yeouido-dong, Yeongdeungpo-gu, Seoul 150-721, Korea.

76.    Intellect Wireless states in Paragraph 2 of its First Amended Complaint that it is a corporation organized under the laws of the State of Texas.

## JURISDICTION AND VENUE

77.    There is an actual controversy between LG and Intellect Wireless regarding invalidity, unenforceability, and noninfringement of the Asserted Patents because Intellect Wireless has asserted that LG infringes those patents.

78.    Venue in this judicial district for the following counterclaim of LG is proper because Intellect Wireless has consented to this venue by asserting and filing claims of patent infringement against LG.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

79.    This counterclaim states a claim arising under the patent laws and antitrust laws of the United States, and is an action for declaratory judgment of patent invalidity, unenforceability, and noninfringement under 28 U.S.C. §§ 2201 and 1338(a).

80.    LG has not infringed and is not infringing any of the Asserted Patents,

directly, contributorily, or by inducement.

81.    One or more claims of the Asserted Patents are invalid and/or unenforceable for failure to meet the requirements of one or more sections of Title 35, United States Code and Title 37, Code of Federal Regulations.  In particular, one or more claims of the Asserted Patents are invalid and/or unenforceable for failure to meet the requirements of 35 U.S.C. §§ 102, 103 and/or 112.

82.    The Asserted Patents are unenforceable because Intellect Wireless and/or others substantively involved with the prosecution of the Asserted Patents and related applications acted inequitably in prosecuting them before the United States Patent and Trademark Office ("PTO").  The acts, omissions, and misrepresentations constituting inequitable conduct included failure to disclose material prior art and material information in connection with the prosecution of the Asserted Patents, in violation of the duty to prosecute patent applications in the PTO with candor, good faith, and honesty.  37 C.F.R. § 1.56.

83.    During the prosecution of the '186 patent, the Applicant and his attorney failed to bring to the Examiner's attention U.S. Patent Nos. 5,281,962; 5,307,059; 5,343,319; 5,495,236; 5,583,921; 5,659,890; 5,739,759; 6,097,308; 6,160,489; 6,301,608; and also foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324.

84.    The '962 patent was material to the '186 patent, as it was cited by the Examiner during the prosecution of the '416 patent, and it was discussed in the prosecution of the '210 patent.  Furthermore, it was one of the references that

formed the basis of the invalidity defense in the <u>SmartCall lawsuit</u>, where the Applicant asserted the '064 patent. The '064 patent discloses and claims subject matter similar to that of the '186 patent.

85. The Applicant and his attorney were aware of the '962 patent, as evidenced by the Applicant's statement to the Examiner, during the prosecution of the '210 patent, that he became aware of the '962 patent through the <u>SmartCall lawsuit</u>. Yet, the '962 patent was never cited to the PTO during the prosecution of the '186 patent.

86. U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; and foreign patent WO 91/03885 were material to the '186 patent, as they were cited by the Examiner during the prosecution of the '076 patent.

87. The Applicant and his attorney were made aware of U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; and foreign patent WO 91/03885 by the Examiner's citation of these references during the prosecution of the '076 patent, yet none of these references were cited to the PTO during the prosecution of the '186 patent.

88. The '319 patent was material to the '186 patent, as it was cited by the Examiner during the prosecution of the '416 and '210 patents.

89. The Applicant and his attorney were made aware of the '319 patent by the Examiner's citation of this patent during the prosecution of the '416 and '210 patents, yet the '319 patent was not cited to the PTO during the prosecution of the '186 patent.

90.     The '890 and '308 patents were material to the '186 patent, as they were cited by the Examiner during the prosecution of the '416 patent.

91.     The Applicant and his attorney were made aware of the '890 and '308 patents by the Examiner's citation of these patents during the prosecution of the '416 patent, yet neither of these references were cited to the PTO during the prosecution of the '186 patent.

92.     The '608 patent and foreign patent EP 0588101 were material to the '186 patent, as they were cited by the Examiner during the prosecution of the '210 patent.

93.     The Applicant and his attorney were made aware of the '608 patent and the EP 0588101 patent by the Examiner's citation during the prosecution of the '210 patent, yet they were not cited to the PTO during the prosecution of the '186 patent.

94.     Foreign patent JP H04-2.93324 was material to the '186 patent, as it was discussed in the prosecution of the '210 patent.  Furthermore, it was one of the references that formed the basis of the invalidity defense in the SmartCall lawsuit.

95.     The Applicant and his attorney were aware of foreign patent JP H04-2.93324, as evidenced by the Applicant's statement to the Examiner, during the prosecution of the '210 patent, that he became aware of the JP H04-2.93324 patent through the SmartCall lawsuit, yet it was not cited to the PTO during the prosecution of the '186 patent.

96.     The failure to disclose U.S. Patent Nos. 5,281,962; 5,307,059;

5,343,319; 5,495,236; 5,583,921; 5,659,890; 5,739,759; 6,097,308; 6,160,489;

6,301,608; and foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324 to

the PTO during the prosecution of the '186 patent was done with the intention of

deceiving the PTO in order to secure the issuance of the '186 patent.

97.    Moreover, during the prosecution of the '416 patent, the Applicant and

his attorney failed to bring to the Examiner's attention U.S. Patent Nos. 5,307,059;

5,495,236; 5,583,921; 5,739,759; 6,160,489; 6,301,608; and also foreign patents WO

91/03885; EP 0588101; and JP H04-2.93324.

98.    U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489;

and foreign patent WO 91/03885 were material to the '416 patent, as they were

cited by the Examiner during the prosecution of the '076 patent.

99.    The Applicant and his attorney were made aware of U.S. Patent Nos.

5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; and foreign patent WO

91/03885 by the Examiner's citation of these references during the prosecution of

the '076 patent, yet none of these references were cited to the PTO during the

prosecution of the '416 patent.

100.    The '608 patent and foreign patent EP 0588101 were material to the

'416 patent, as they were cited by the Examiner during the prosecution of the '210

patent.

101.    The Applicant and his attorney were made aware of the '608 patent

and the EP 0588101 patent by the Examiner's citation during the prosecution of the

'210 patent, yet they were not cited to the PTO during the prosecution of the '416

patent.

102.    Foreign patent JP H04-2.93324 was material to the '416 patent, as it was discussed in the prosecution of the '210 patent.  Furthermore, it was one of the references that formed the basis of the invalidity defense in the <u>SmartCall lawsuit</u>.

103.    The Applicant and his attorney were aware of foreign patent JP H04-2.93324, as evidenced by the Applicant's statement to the Examiner, during the prosecution of the '210 patent, that he became aware of the JP H04-2.93324 patent through the <u>SmartCall lawsuit</u>, yet it was not cited to the PTO during the prosecution of the '416 patent.

104.    The failure to disclose U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; 6,301,608; and foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324 to the PTO during the prosecution of the '416 patent was done with the intention of deceiving the PTO in order to secure the issuance of the '416 patent.

105.    Intellect Wireless is estopped from asserting that the claims of the Asserted Patents cover the accused products or acts of LG based on, for example, amendments, representations, concessions and admissions made by and/or on behalf of the Applicant during prosecution of the applications that led to the issuance of the Asserted Patents.

106.    Intellect Wireless' claims are barred in whole or in part by the doctrine of equitable estoppel.

107.    Intellect Wireless is barred from seeking equitable relief from the

Court by the doctrine of unclean hands because of its assertion of patents known to be invalid and/or unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, LG prays for a final judgment against Intellect Wireless and respectfully requests the following relief:

A.    That judgment on the First Amended Complaint be granted in LG's favor;

B.    A judgment that LG has not infringed, induced the infringement, or contributed to the infringement of the claims of the Asserted Patents;

C.    A judgment that the claims of the Asserted Patents are invalid and unenforceable;

D.    A judgment under 35 U.S.C. § 285 awarding LG its costs and reasonable attorney fees incurred in this action; and

E.    A judgment awarding LG such other and further relief as the Court deems just and proper.

## JURY DEMAND

LG demands a trial by jury on all of its defenses and counterclaims so triable.

**Dated: August 29, 2008**     DEFENDANT LG ELECTRONICS, INC.,

          By: s/Christopher W. Carmichael

          Christopher J. Murdoch
          Christopher W. Carmichael
          HOLLAND & KNIGHT LLP
          131 S. Dearborn St., 30th Flr.
          Chicago, Illinois 60603
          Tel: (312) 263-3600
          Fax: (312) 578-6666
          christopher.murdoch@hklaw.com
          christopher.carmichael@hklaw.com

Of Counsel:

Andrew C. Sonu
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
11955 Freedom Drive
Reston, Virginia 20190-5675
Telephone:   (571) 203-2700
Facsimile:   (202) 408-4400
andy.sonu@finnegan.com

Frank A. DeCosta, III
Lei Mei
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001-4413
Telephone:   (202) 408-4000
Facsimile:   (202) 408-4400
frank.decosta@finnegan.com
lei.mei@finnegan.com

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on **August 29, 2008**,  the foregoing **Defendant LG Electronics, Inc.'s Answer, Affirmative Defenses, and Counterclaim** was filed with Clerk for the United States District Court for the Northern District of Illinois using the CM/ECF System, which automatically transmitted a Notice of Electronic Filing to all ECF registrants.

<u>/s/Christopher Carmichael   </u>

# 5577094_v1