**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| INTELLECT WIRELESS, INC., | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.  1:08-cv-01350 |
| MOTOROLA, INC., | ) ) | Judge Holderman |
| LG ELECTRONICS, INC., | ) | Magistrate Judge Denlow |
| SANYO ELECTRIC CO. LTD., | ) | |
| KYOCERA SANYO TELECOM, INC., | ) | |
| KYOCERA WIRELESS CORP., AND | ) | |
| SPRINT SPECTRUM L.P. | ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) | |

---

**SPRINT SPECTRUM L.P.'S**
**ANSWER AND COUNTERCLAIMS**
**TO INTELLECT WIRELESS INCORPORATED'S**
**SECOND AMENDED COMPLAINT**

For its Answer, Affirmative Defenses and Counterclaims to the Second Amended

Complaint of Intellect Wireless, Inc. ("Intellect Wireless"), Defendant Sprint Spectrum

L.P. ("Sprint") states as follows:

**NATURE OF THE SUIT**

1.      This is a claim for patent infringement arising under the patent laws of the
United States, Title 35 of the United States Code.

**ANSWER:**  Sprint admits that Intellect Wireless has alleged patent infringement,

but Sprint denies that it has infringed any valid patent.

**PARTIES**

2.      Intellect Wireless is a Texas corporation with offices in Fort Worth, Texas
and Reston, Virginia. Intellect Wireless is in the business of, among other things,
commercializing its inventions relating to wireless image messaging.

**ANSWER:** Sprint lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph. Therefore, Sprint denies the

allegations of this paragraph.


3.      Daniel Henderson is the founder of Intellect Wireless, and the sole
inventor of the patents-in-suit. Mr. Henderson has been awarded 25 United States patents
with several more pending that relate to picture / video messaging in wireless devices
such as PDA's, portable computers and cellular phones. Mr. Henderson's prototype for a
wireless picturephone device was received as part of the permanent collection of the
Smithsonian Institution in the National Museum of American History. The Honorable
Senator Gordon H. Smith, (OR), declared that Mr. Henderson has "truly blazed new trails
in the fields of wireless technology and digital convergence" and called him a "true
visionary."

**ANSWER:** Sprint admits that Mr. Henderson is the only inventor listed on the

face of the patents-in-suit. Sprint lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations of this paragraph.

Therefore, Sprint denies the remaining allegations of this paragraph.


4.      Intellect Wireless owns all right, title, interest in and has standing to sue
for the infringement of United States Patent No. 7,266,186 entitled "Method and
Apparatus for Improved Paging Receiver and System" which issued on September 4,
2007 ("the '186 Patent").

**ANSWER:** Sprint admits that United States Patent No. 7,266,186 ("the '186

Patent") is entitled "Method and Apparatus for Improved Paging Receiver and

System" and bears an issue date of September 4, 2007. Sprint lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

of this paragraph. Therefore, Sprint denies the remaining allegations of this

paragraph.


5.      Intellect Wireless owns all right, title, interest in and has standing to sue
for the infringement of United States Patent No. 7,310,416 entitled "Method and

2

Apparatus for Improved Personal Communication Devices and Systems" which issued on December 18, 2007 ("the '416 Patent").

**ANSWER:** Sprint admits that United States Patent No. 7,310,416 ("the '416 Patent") is entitled "Method and Apparatus for Improved Personal Communication Devices and Systems" and bears an issue date of December 18, 2007.  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.  Therefore, Sprint denies the remaining allegations of this paragraph.

6.     Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,257,210 entitled "Picture Phone with Caller ID" which issued on August 14, 2007 ("the '210 Patent").

**ANSWER:** Sprint admits that United States Patent No. 7,257,210 ("the '210 Patent") is entitled "Picture Phone with Caller ID" and bears an issue date of August 14, 2007.  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.  Therefore, Sprint denies the remaining allegations of this paragraph.

7.     Intellect Wireless owns all right, title, interest in and has standing to sue for the infringement of United States Patent No. 7,305,076 entitled "Method and Apparatus for Improved Paging Receiver and System" which issued on December 4, 2007 ("the '076 Patent").

**ANSWER:** Sprint admits that United States Patent No. 7,305,076  ("the '076 Patent") is entitled "Method and Apparatus for Improved Paging Receiver and System" and bears an issue date of December 4, 2007.  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations

of this paragraph.  Therefore, Sprint denies the remaining allegations of this

paragraph.

8.     Motorola is a Delaware corporation with corporate headquarters at 1303 East Algonquin Road, Schaumburg, Illinois 60196.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.  Therefore, Sprint denies the

allegations of this paragraph.

9.     Motorola makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.  Therefore, Sprint denies the

allegations of this paragraph.

10.     LG Electronics, Inc. is a foreign corporation having a place of business at LG Twin Towers 20, Yeouido dong, Yeongdeungpo-gu, Seoul, Republic of Korea 150-721 with its United States headquarters at 10101 Old Grove Road, San Diego CA 92131.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.  Therefore, Sprint denies the

allegations of this paragraph.

11.     LG makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as

to the truth of the allegations of this paragraph.  Therefore, Sprint denies the

allegations of this paragraph.

12.     Sanyo Electric Co., Ltd. is a Japanese corporation having its principal offices at 5-5, Keihan-Hondori, 2-chome, Moriguchi City, Osaka 570-8677 Japan and Sanyo North America Corporation has offices at 2055 Sanyo Avenue, San Diego, CA 92154.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

13.     Sanyo makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

14.     Kyocera Sanyo Telecom, Inc. is a Delaware company having its principal place of business at 21605 Plummer Street, Chatsworth, California 91311. Kyocera Sanyo is a wholly owned subsidiary of Kyocera International, Inc.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

15.     Kyocera Sanyo is licensed to make, use, sell, offer for sale, and/or import Sanyo branded wireless portable communication devices including cellular telephones.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

16.     Kyocera Wireless Corporation is a Delaware company having its principal place of business at 10300 Campus Point Drive, San Diego, California 92121. Kyocera Wireless is a wholly owned subsidiary of Kyocera International, Inc.

**ANSWER:** Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Therefore, Sprint denies the allegations of this paragraph.

17.    Kyocera Wireless makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones.

**ANSWER:** Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph. Therefore, Sprint denies the allegations of this paragraph.

18.    Sprint Spectrum LP is a Delaware limited partnership having its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

**ANSWER:** Sprint admits the allegations of this paragraph.

19.    Sprint makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones and cellular telephone services that receive messages including non-facsimile pictures and caller ID information.

**ANSWER:** Sprint admits that it sells and offers for sale cellular telephones and cellular telephone services. Sprint denies that that such cellular telephones and cellular telephone services receive non-facsimile pictures and caller ID information, as those terms are properly construed.

## JURISDICTION AND VENUE

20.    This Court has exclusive jurisdiction over the subject matter of this case under 28 U.S.C. § 1338(a).

**ANSWER:**  Sprint does not contest the court's subject matter jurisdiction over

this case.  However, the allegations of this paragraph are legal conclusions for

which no answer is required or given.


21.    Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400(b). Motorola, LG, Sanyo, Kyocera Sanyo, Kyocera Wireless and Sprint transact business in this district and have committed acts of infringement in this judicial district, at least by offering to sell or selling infringing cellular telephones and through Internet websites that are designed to reach Illinois customers and are, in fact, used by customers in this judicial district. Motorola also has its headquarters in this judicial district and transacts substantial business here.

**ANSWER:**  For purposes of this action only, and without waiver of the defense

of improper venue in any other context or proceeding, Sprint consents to venue in

this action.  Sprint admits that it conducts business in this district.  Sprint denies

that it has committed any acts of infringement.  Sprint lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

of this paragraph.  Therefore, Sprint denies the remaining allegations of this

paragraph.


22.    Plaintiff has complied with the requirements of 35 U.S.C. §287.

**ANSWER:**  The allegations of this paragraph are legal conclusions for which no

answer is required or given.

## PATENT INFRINGEMENT

23.     Motorola has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

>    **ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as
>    to the truth of the allegations of this paragraph.  Therefore, Sprint denies the
>    allegations of this paragraph.

24.     Motorola has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

>    **ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as
>    to the truth of the allegations of this paragraph.  Therefore, Sprint denies the
>    allegations of this paragraph.

25.     Motorola's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

>    **ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as
>    to the truth of the allegations of this paragraph.  Therefore, Sprint denies the
>    allegations of this paragraph.

26.    LG has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

27.    LG has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

28.    LG's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

29.     Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

30.     Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

31.     Sanyo's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

32.     Kyocera Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

33.     Kyocera Sanyo has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

34.     Kyocera Sanyo's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

35.    Kyocera Wireless has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

36.    Kyocera Wireless has contributorily infringed or induced infringement of at least one claim of the '186 patent and '416 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

37.    Kyocera Wireless' infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**  Sprint lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.  Therefore, Sprint denies the allegations of this paragraph.

38.     Sprint has directly and/or indirectly infringed at least one claim of the '186 patent by making, using, selling and/or offering to sell wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service.

**ANSWER:**  Sprint denies the allegations of this paragraph.

39.     Sprint has contributorily infringed or induced infringement of at least one claim of the '186 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service and demonstrating and instructing users of its wireless portable communication devices how to utilize its picture and video messages service and/or Multimedia Messaging Service.

**ANSWER:**  Sprint denies the allegations of this paragraph.

40.     Sprint has directly and/or indirectly infringed at least one claim of the '210 patent, the '076 patent, and the '186 patent by making, using, selling and/or offering to sell wireless communication plans, packages and/or services that include, or optionally include, Caller ID, picture and video messaging and/or Multimedia Messaging Service.

**ANSWER:**  Sprint denies the allegations of this paragraph.

41.     Sprint has contributorily infringed or induced infringement of at least one claim of the '210 patent, the '076 patent, and the '186 patent in violation of 35 U.S.C. § 271 through, among other activities, by providing plans, packages and/or services that include, or optionally include, caller ID and video messaging and/or Multimedia Messaging Service and demonstrating and instructing subscribers to its plans, packages and/or services how to utilize its picture and video messages service and/or Multimedia Messaging Service through its user guides and manuals, at its websites at www.sprint.com and http://support.sprint.com/.

**ANSWER:**  Sprint denies the allegations of this paragraph.

42.     Sprint's infringement, contributory infringement and/or inducement to infringe has injured Intellect Wireless and it is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

**ANSWER:**  Sprint denies the allegations of this paragraph.

## **PRAYER FOR RELIEF**

Sprint denies that Intellect Wireless is entitled to any relief sought.

* * * * * *

Further answering the Complaint, Sprint alleges as follows:

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

1.    Intellect Wireless's claims are barred, in full or in part, because the claims of the '186, '210 and '076  Patents are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112.

### **Second Affirmative Defense**

2.    Intellect Wireless's claims are limited or barred by the doctrine of prosecution laches.

### **Third Affirmative Defense**

3.    Intellect Wireless has failed to state a claim against Sprint upon which relief may be granted.

**Fourth Affirmative Defense**

4.      Intellect Wireless is not entitled to injunctive relief because any injury is not irreparable, Intellect Wireless has an adequate remedy at law and the balance of hardship and the public interest do not favor injunctive relief.

**Fifth Affirmative Defense**

5.      Sprint has not infringed, contributed to the infringement of, or induced others to infringe any valid and enforceable claim of the '186, '210 and '076 Patents.

**Sixth Affirmative Defense**

6.      The '186, '210 and '076 Patents are unenforceable because the Applicant and/or other persons having a duty of candor to the United States Patent and Trademark Office ("USPTO") committed inequitable conduct in the prosecution of the '186, '210 and '076 Patents by failing to disclose material prior art to the USPTO.

7.      The '186, '210 and '076 Patents are all continuations or continuations-in-part of Application No. 08/726,024, filed on October 4, 1996, and they all disclose and claim similar subject matter.

8.      During the prosecution of the '186 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,281,962; 5,307,059; 5,343,319; 5,495,236; 5,583,921; 5,659,890; 5,739,759; 6,097,308; 6,160,489; 6,301,608; and also foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324.

9.      U.S. Patent No. 5,281,962 ("the '962 Patent") was material to the '186 Patent, as it was cited by the Examiner during the prosecution of the '416 Patent, and it was discussed in the prosecution of the '210 Patent.  Furthermore, it was one of the references that formed the basis of the invalidity defense in <u>SmartCall Licensing Incorporated v. Cellco Partnership</u>, Civil Action No. 05-cv-7160 (N.D. Ill.) (the "SmartCall lawsuit"), where Applicant asserted U.S. Patent No. 6,427,064 ("the '064 Patent").  The '064 Patent discloses and claims subject matter similar to that of the '186 Patent.

10.      Applicant and/or other persons having a duty of candor to the USPTO were aware of the '962 Patent, as evidenced by Applicant's statement to the Examiner, during the prosecution of the '210 Patent, that he became aware of the '962 Patent through the SmartCall lawsuit.  Yet, the '962 patent was never cited to the USPTO during the prosecution of the '186 Patent.

11.      U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; and foreign patent WO 91/03885 were material to the '186 Patent, as they were cited by the Examiner during the prosecution of the '076 Patent.

12.      Applicant and/or other persons having a duty of candor to the USPTO were made aware of U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; and foreign patent WO 91/03885 by the Examiner's citation of these references during the prosecution of the '076 Patent, yet none of these references were cited to the USPTO during the prosecution of the '186 Patent.

13.     U.S. Patent No. 5,343,319 ("the '319 Patent") was material to the '186 Patent, as it was cited by the Examiner during the prosecution of the '416 and '210 Patents.

14.     Applicant and/or other persons having a duty of candor to the USPTO were made aware of the '319 Patent by the Examiner's citation of this patent during the prosecution of the '416 and '210 Patents, yet the '319 Patent was not cited to the USPTO during the prosecution of the '186 Patent.

15.     U.S. Patent Nos. 5,659,890 ("the '890 Patent") and 6,097,308 ("the '308 Patent") were material to the '186 Patent, as they were cited by the Examiner during the prosecution of the '416 Patent.

16.     Applicant and/or other persons having a duty of candor to the USPTO were made aware of the '890 and '308 Patents by the Examiner's citation of these Patents during the prosecution of the '416 Patent, yet neither of these references were cited to the USPTO during the prosecution of the '186 Patent.

17.     U.S. Patent No. 6,301,608 ("the '608 Patent") and foreign patent EP 0588101 were material to the '186 Patent, as they were cited by the Examiner during the prosecution of the '210 Patent.

18.     Applicant and/or other persons having a duty of candor to the USPTO were made aware of the '608 Patent the EP 0588101 patent by the Examiner's citation during the prosecution of the '210 Patent, yet the '608 Patent was not cited to the USPTO during the prosecution of the '186 Patent.

19.     Foreign patent JP H04-2.93324 was material to the '186 Patent, as it was discussed in the prosecution of the '210 Patent.  Furthermore, it was one of the references that formed the basis of the invalidity defense in the <u>SmartCall litigation</u>.

20.     Applicant and/or other persons having a duty of candor to the USPTO were aware of foreign patent JP H04-2.93324, as evidenced by Applicant's statement to the Examiner, during the prosecution of the '210 Patent, that he became aware of the JP H04-2.93324 patent through the SmartCall lawsuit, yet it was not cited to the USPTO during the prosecution of the '186 Patent.

21.     The failure to disclose U.S. Patent Nos. 5,281,962; 5,307,059; 5,343,319; 5,495,236; 5,583,921; 5,659,890; 5,739,759; 6,097,308; 6,160,489; 6,301,608; and foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324 to the USPTO during the prosecution of the '186 Patent was done with the intention of deceiving the USPTO in order to secure the issuance of the '186 Patent.

22.     During the prosecution of the '210 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,023,905; 5,426,594; 5,446,678; 5,659,890 and 6,097,308.

23.     During the prosecution of the '210 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,023,905 ("the '905 Patent"), 5,426,594 ("the '594 Patent") and 5,446,678 ("the '678 Patent").

24.     The '905, '594 and the '678 Patents were material to the prosecution of the '210 Patent.  Specifically, the '905, '594 and '678 Patents were cited by an Examiner

during the prosecution of the '416, '186 and '076 Patents, all of which are in the same family as the '210 Patent.

25.     The '905, '594 and '678 Patents were cited by an Examiner during the prosecution of the '416, '186 and '076 Patents.  Therefore, the Applicant and/or other persons having a duty of candor to the USPTO had knowledge of these references.

26.     During the prosecution of the '210 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,659,890 ("the '890 Patent") and 6,097,308 ("the '308 Patent").

27.     The '890 and '308 Patents were material to the prosecution of the '210 Patent.  Specifically, the '890 and '308 Patents were cited by the Examiner during the prosecution of the '416 Patent, which is in the same family as the '210 Patent.

28.     The '890 and '308 Patents were cited by the Examiner during the prosecution of the '416 Patent.  Therefore, the Applicant and/or other persons having a duty of candor to the USPTO had knowledge of these references.

29.     The failure to disclose U.S. Patent Nos. 5,023,905; 5,426,594; 5,446,678; 5,659,890 and 6,097,308 was done with the intention of deceiving the USPTO in order to secure the issuance of the '210 Patent.

30.     During the prosecution of the '076 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,659,890; 6,097,308; and 6,301,608; and foreign Patent EP 0588101.

31.     During the prosecution of the '076 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,659,890 ("the '890 Patent") and 6,097,308 ("the '308 Patent").

32.     The '890 and '308 Patents were material to the prosecution of the '076 Patent.  Specifically, the '890 and '308 Patents were cited by the Examiner during the prosecution of the '416 Patent, which is in the same family as the '076 Patent.

33.     The '890 and '308 Patents were cited by the Examiner during the prosecution of the '416 Patent.  Therefore, the Applicant and/or other persons having a duty of candor to the USPTO had knowledge of these references.

34.     During the prosecution of the '076 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent No. 6,301,608 ("the '608 Patent") and foreign Patent EP 0588101 ("the EP '101 Patent").

35.     The '608 and EP '101 Patents were material to the prosecution of the '076 Patent.  Specifically, the '608 and EP '101 Patents were cited by the Examiner during the prosecution of the '210 Patent, which is in the same family as the '076 Patent.

36.     The '608 and EP '101 Patents were cited by the Examiner during the prosecution of the '210 Patent.  Therefore, the Applicant and/or other persons having a duty of candor to the USPTO had knowledge of these references.

37.     The failure to disclose U.S. Patents 5,659,890; 6,097,308; and 6,301,608; and foreign Patent EP 0588101 was done with the intention of deceiving the USPTO in order to secure the issuance of the '076 Patent.


**<u>Seventh Affirmative Defense</u>**

38.     Sprint reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at

law or in equity that may exist now or in the future based on discovery and further factual investigation in this case.

\* \* \* \* \* \*

## COUNTERCLAIMS

For its counterclaims against Intellect Wireless, Sprint states and alleges as follows:

### Parties

1. Sprint Spectrum LP is a Delaware limited partnership having its principal place of business at 6200 Sprint Parkway, Overland Park, Kansas 66251.

2. Intellect Wireless is a Texas corporation with offices in Fort Worth, Texas and Reston, Virginia.

### Jurisdiction

3. This is an action for declaratory judgment arising under 28 U.S.C. §§ 2201 and 2202.

4. This Court has jurisdiction over these counterclaims under 28. U.S.C. §§ 1331, 1338(a) and 2201. Venue is proper under 28. U.S.C. §§ 1391 and 1400(b).

### COUNT I
### (Declaration of Invalidity)

5. Sprint incorporates and realleges paragraphs 1-4.

6. Intellect Wireless's Complaint and accusations of infringement against Sprint has created an actual case or controversy concerning the validity of the '186, '210 and '076 Patents.

7.      The '186, '210 and '076 Patents, and more particularly the claims of the '186, '210 and '076 Patents alleged to be infringed, are invalid and of no effect for failure to comply with one or more requirements set forth in 35 U.S.C., including but not limited to Sections 101, 102, 103, and/or 112.

## COUNT II
### (Declaration of Non-Infringement)

8.      Sprint incorporates and realleges paragraphs 1-7.

9.      Intellect Wireless's Complaint and accusations of infringement against Sprint has created an actual case or controversy concerning the infringement of the '186, '210 and '076 Patents.

10.     Sprint is not infringing, nor has Sprint infringed, directly or indirectly, literally or under the Doctrine of Equivalents, any claim of the '186, '210 or '076 Patents.

11.     Sprint has not actively induced others to infringe the '186, '210 or '076 Patents.

12.     Sprint has not contributed to the infringement of the '186, '210 or '076 Patents.

13.     Sprint has not willfully infringed, directly or indirectly, any claim of the '186, '210 or '076 Patents.

## COUNT III

### (Declaration of Unenforceability)

14.     Sprint incorporates and realleges paragraphs 1-13.

15.    The '186, '210 and '076 Patents are unenforceable because the Applicant and/or other persons having a duty of candor to the United States Patent and Trademark Office ("USPTO") committed inequitable conduct in the prosecution of the '186, '210 and '076 Patents by failing to disclose material prior art to the USPTO.

16.    The '186, '210 and '076 Patents are all continuations or continuations-in-part of Application No. 08/726,024, filed on October 4, 1996, and they all disclose and claim similar subject matter.

17.    During the prosecution of the '186 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,281,962; 5,307,059; 5,343,319; 5,495,236; 5,583,921; 5,659,890; 5,739,759; 6,097,308; 6,160,489; 6,301,608; and also foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324.

18.    U.S. Patent No. 5,281,962 ("the '962 Patent") was material to the '186 Patent, as it was cited by the Examiner during the prosecution of the '416 Patent, and it was discussed in the prosecution of the '210 Patent.  Furthermore, it was one of the references that formed the basis of the invalidity defense in SmartCall Licensing Incorporated, v. Cellco Partnership, Civil Action No. 05-cv-7160 (N.D. Ill.) (the "SmartCall lawsuit"), where Applicant asserted U.S. Patent No. 6,427,064 ("the '064 Patent").  The '064 Patent discloses and claims subject matter similar to that of the '186 Patent.

19.    Applicant and/or other persons having a duty of candor to the USPTO were aware of the '962 Patent, as evidenced by Applicant's statement to the Examiner, during the prosecution of the '210 Patent, that he became aware of the '962 Patent

through the SmartCall lawsuit.  Yet, the '962 patent was never cited to the USPTO during the prosecution of the '186 Patent.

20.     U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; and foreign patent WO 91/03885 were material to the '186 Patent, as they were cited by the Examiner during the prosecution of the '076 Patent.

21.     Applicant and/or other persons having a duty of candor to the USPTO were made aware of U.S. Patent Nos. 5,307,059; 5,495,236; 5,583,921; 5,739,759; 6,160,489; and foreign patent WO 91/03885 by the Examiner's citation of these references during the prosecution of the '076 Patent, yet none of these references were cited to the USPTO during the prosecution of the '186 Patent.

22.     U.S. Patent No. 5,343,319 ("the '319 Patent") was material to the '186 Patent, as it was cited by the Examiner during the prosecution of the '416 and '210 Patents.

23.     Applicant and/or other persons having a duty of candor to the USPTO were made aware of the '319 Patent by the Examiner's citation of this patent during the prosecution of the '416 and '210 Patents, yet the '319 Patent was not cited to the USPTO during the prosecution of the '186 Patent.

24.     U.S. Patent Nos. 5,659,890 ("the '890 Patent") and 6,097,308 ("the '308 Patent") were material to the '186 Patent, as they were cited by the Examiner during the prosecution of the '416 Patent.

25.     Applicant and/or other persons having a duty of candor to the USPTO were made aware of the '890 and '308 Patents by the Examiner's citation of these Patents

during the prosecution of the '416 Patent, yet neither of these references were cited to the USPTO during the prosecution of the '186 Patent.

26.    U.S. Patent No. 6,301,608 ("the '608 Patent") and foreign patent EP 0588101 were material to the '186 Patent, as they were cited by the Examiner during the prosecution of the '210 Patent.

27.    Applicant and/or other persons having a duty of candor to the USPTO were made aware of the '608 Patent the EP 0588101 patent by the Examiner's citation during the prosecution of the '210 Patent, yet the '608 Patent was not cited to the USPTO during the prosecution of the '186 Patent.

28.    Foreign patent JP H04-2.93324 was material to the '186 Patent, as it was discussed in the prosecution of the '210 Patent.  Furthermore, it was one of the references that formed the basis of the invalidity defense in the <u>SmartCall litigation</u>.

29.    Applicant and/or other persons having a duty of candor to the USPTO were aware of foreign patent JP H04-2.93324, as evidenced by Applicant's statement to the Examiner, during the prosecution of the '210 Patent, that he became aware of the JP H04-2.93324 patent through the SmartCall lawsuit, yet it was not cited to the USPTO during the prosecution of the '186 Patent.

30.    The failure to disclose U.S. Patent Nos. 5,281,962; 5,307,059; 5,343,319; 5,495,236; 5,583,921; 5,659,890; 5,739,759; 6,097,308; 6,160,489; 6,301,608; and foreign patents WO 91/03885; EP 0588101; and JP H04-2.93324 to the USPTO during the prosecution of the '186 Patent was done with the intention of deceiving the USPTO in order to secure the issuance of the '186 Patent.

31.    During the prosecution of the '210 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,023,905; 5,426,594; 5,446,678; 5,659,890 and 6,097,308.

32.    During the prosecution of the '210 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,023,905 ("the '905 Patent"), 5,426,594 ("the '594 Patent") and 5,446,678 ("the '678 Patent").

33.    The '905, '594 and the '678 Patents were material to the prosecution of the '210 Patent.  Specifically, the '905, '594 and '678 Patents were cited by an Examiner during the prosecution of the '416, '186 and '076 Patents, all of which are in the same family as the '210 Patent.

34.    The '905, '594 and '678 Patents were cited by an Examiner during the prosecution of the '416, '186 and '076 Patents.  Therefore, the Applicant and/or other persons having a duty of candor to the USPTO had knowledge of these references.

35.    During the prosecution of the '210 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,659,890 ("the '890 Patent") and 6,097,308 ("the '308 Patent").

36.    The '890 and '308 Patents were material to the prosecution of the '210 Patent.  Specifically, the '890 and '308 Patents were cited by the Examiner during the prosecution of the '416 Patent, which is in the same family as the '210 Patent.

37.    The '890 and '308 Patents were cited by the Examiner during the prosecution of the '416 Patent.  Therefore, the Applicant and/or other persons having a duty of candor to the USPTO had knowledge of these references.

38.    The failure to disclose U.S. Patent Nos. 5,023,905; 5,426,594; 5,446,678; 5,659,890 and 6,097,308 was done with the intention of deceiving the USPTO in order to secure the issuance of the '210 Patent.

39.    During the prosecution of the '076 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,659,890; 6,097,308; and 6,301,608; and foreign Patent EP 0588101.

40.    During the prosecution of the '076 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent Nos. 5,659,890 ("the '890 Patent") and 6,097,308 ("the '308 Patent").

41.    The '890 and '308 Patents were material to the prosecution of the '076 Patent. Specifically, the '890 and '308 Patents were cited by the Examiner during the prosecution of the '416 Patent, which is in the same family as the '076 Patent.

42.    The '890 and '308 Patents were cited by the Examiner during the prosecution of the '416 Patent. Therefore, the Applicant and/or other persons having a duty of candor to the USPTO had knowledge of these references.

43.    During the prosecution of the '076 Patent, the Applicant and/or other persons having a duty of candor to the USPTO failed to bring to the Examiner's attention U.S. Patent No. 6,301,608 ("the '608 Patent") and foreign Patent EP 0588101 ("the EP '101 Patent").

44.    The '608 and EP '101 Patents were material to the prosecution of the '076 Patent. Specifically, the '608 and EP '101 Patents were cited by the Examiner during the prosecution of the '210 Patent, which is in the same family as the '076 Patent.

45.     The '608 and EP '101 Patents were cited by the Examiner during the prosecution of the '210 Patent.  Therefore, the Applicant and/or other persons having a duty of candor to the USPTO had knowledge of these references.

46.     The failure to disclose U.S. Patents 5,659,890; 6,097,308; and 6,301,608; and foreign Patent EP 0588101 was done with the intention of deceiving the USPTO in order to secure the issuance of the '076 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Sprint prays for the following relief:

    A.    For the Complaint to be dismissed with prejudice and for Intellect Wireless's claims for relief to be denied in their entirety;

    B.    A declaration that the '186, '210 and '076 Patents are invalid;

    C.    A declaration that the '186, '210 and '076 Patents are not infringed by Sprint;

    D.    A declaration that the '186, '210 and '076 Patents are unenforceable against Sprint;

    E.    A declaration that this is an exceptional case and an award to Sprint of its attorneys' fees and costs under 35 U.S.C. § 285;

    F.    That costs and expenses be awarded to Sprint;

    G.    Such further relief as the Court may deem just and equitable.

## **JURY TRIAL DEMAND**

Sprint demands a jury trial on all issues so triable.

Dated: August 29, 2008                    Respectfully submitted,

                                          /s/ Steven Yovits
                                          Steven Yovits (IL Bar: 6257262)
                                          Scott Sherwin (IL Bar: 6293788)
                                          HOWREY LLP
                                          321 N. Clark Street, Suite 3400
                                          Chicago, Illinois 60610
                                          Phone: (312) 846-5630
                                          Fax: (312) 595-2250

                                          *Attorneys for Defendant, Sprint Spectrum L.P.*

## <u>CERTIFICATE OF SERVICE</u>

Copies of documents required to be served by Fed.R.Civ.P. 5(a) have been served. Specifically, the undersigned hereby certifies that a copy of SPRINT SPECTRUM L.P.'S ANSWER AND COUNTERCLAIMS TO THE SECOND AMENDED COMPLAINT was served on the below listed counsel of record by CM/ECF on August 29, 2008:

Paul K. Vickrey
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, IL 60602
(312) 236-0733
Email: vickrey@nshn.com
LEAD ATTORNEY

Raymond P. Niro
Niro, Scavone, Haller & Niro, Ltd.
181 West Madison Street
Suite 4600
Chicago, IL 60602
(312) 236-0733
Email: rniro@nshn.com
LEAD ATTORNEY

David Joseph Mahalek
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, IL 60602
(312) 236-0733
Email: mahalek@nshn.com

Paul Christopher Gibbons
Niro, Scavone, Haller & Niro
181 West Madison Street
Suite 4600
Chicago, IL 60602
(312) 236-0733
Email: gibbons@nshn.com

Henry C. Bunsow
Howrey LLP
525 Market Street
Suite 3600

San Francisco, CA 94105
415 848 4946

Jason C. White
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60654-2402
(312) 321-4200
Email: whitej@howrey.com

Jonathan E. Retsky
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60654-2402
(312) 846-5648
Email: retskyj@howrey.com

Nathan A. Frederick
Howrey LLP
321 N. Clark Street
Suite 3400
Chicago, IL 60610
312-846-5684

Thomas W Jenkins
Howrey LLP
321 North Clark Street
Suite 3400
Chicago, IL 60610
(312) 595-1239
Email: jenkinst@howrey.com

Andrew Chanho Sonu
Finnegan, Henderson, Farabow, Garrett & Dunner
11955 Freedom Drive
8th Floor
Reston, VA 20190
(571) 203-2765

Christopher W Carmichael
Holland & Knight LLP
131 South Dearborn Street
30th Floor
Chicago, IL 60603

(312) 263-3600
Fax: (312) 578-6666
Email: christopher.carmichael@hklaw.com

Christopher James Murdoch
Holland & Knight LLC
131 South Dearborn Street
30th Floor
Chicago, IL 60603
(312) 263-3600
Email: chris.murdoch@hklaw.com

Mei Lei
Finnegan, Henderson, Farabow, Garrett & Dunner
901 New York Avenue, NW
Washington, DC 20001
202-408-4163

Frank A. DeCosta III, Ph.D.
Finnegan, Henderson, Farabow, Garrett & Dunner
901 New York Avenue, NW
Washington, DC 20001-4413
202.408.4000
frank.decosta@finnegan.com

Greg Reilly
Morrison & Foerster
12531 High Bluff Drive, Suite 100
San Diego, California 92130
(858) 314-7651
greilly@mofo.com

Breighanne Aileen Eggert
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
312 902 5391
Email: breighanne.eggert@kattenlaw.com

Michael Adam Dorfman
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
(312) 902-5200
Fax: 312-902-1061
Email: Michael.Dorfman@kattenlaw.com

Timothy J. Vezeau
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, IL 60661
(312) 902-5200
Email: timothy.vezeau@kattenlaw.com


/s/ Scott Sherwin
Scott Sherwin