**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| INTELLECT WIRELESS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 08-CV-1350 |
| | ) |
| | ) Judge James F. Holderman |
| MOTOROLA, INC., LG ELECTRONICS, | ) Magistrate Judge Morton Denlow |
| INC., SANYO ELECTRIC CO. LTD., | ) |
| KYOCERA SANYO TELECOM, INC., | ) |
| KYOCERA WIRELESS CORP., and SPRINT | ) |
| NEXTEL CORPORATION | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT SANYO ELECTRIC CO., LTD.'S MEMORANDUM
OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Sanyo Electric Co., Ltd.[1] ("Sanyo Electric") moves to dismiss this action for lack of personal jurisdiction and failure to state a claim upon which relief can be granted, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). In support of its motion, Sanyo Electric states as follows:

**INTRODUCTION**

There is no legal or factual basis for naming Sanyo Electric in this patent infringement action which alleges that Sanyo Electric's manufacture, use, importation, sale, and/or offer of sale of wireless portable communication devices with certain functionality infringes United States Patent Nos. 7,266,186 ("the '186 patent") and 7,310,416 ("the '416 patent"). First, because Sanyo Electric is a Japanese corporation with no contacts of any kind with this forum, the Court lacks personal jurisdiction. Second, even if the Court has jurisdiction, Plaintiff has not,

---

[1] The caption incorrectly identifies Defendant as "Sanyo Electric Co. Ltd.," when Defendant's actual name is Sanyo Electric Co., Ltd."

and cannot, state a claim upon which relief may be granted against Sanyo Electric. With respect to the wireless portable communication devices that Plaintiff may contend infringe the '186 patent or the '416 patent, all of the allegedly infringing activities took place outside the territorial boundaries of the United States, and, due to the sale of Sanyo Electric's mobile phone business in April 2008, are no longer occurring outside of the United States or elsewhere. Thus, as a matter of well established law, the federal patent laws do not apply to such activities. Accordingly, and as set forth more fully herein, the First Amended Complaint should be dismissed as to Sanyo Electric.

### FACTUAL BACKGROUND

Sanyo Electric is a Japanese corporation that has its headquarters in Osaka, Japan. *See* Declaration of Koichi Kitayama at ¶ 3 (attached hereto as Exhibit A). Sanyo Electric has no facilities or offices in Illinois, is not registered to do business in Illinois, has no permanent agents or representatives for the purpose of transacting business in Illinois, has no employees in Illinois, maintains no bank accounts in Illinois and has owned no real estate in Illinois. *Id*. at ¶ 4. Further, Sanyo Electric does not engage in sales activities with Illinois citizens. *Id*.

Prior to April 1, 2008, Sanyo Electric did not manufacture, sell or offer for sale wireless portable communication devices, including, but not limited to, wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, within Illinois or the United States. *Id*. at ¶ 5. Due to a widely publicized sale of its mobile phone business on April 1, 2008, Sanyo Electric does not currently manufacture, sell or offer for sale any wireless portable communication devices destined for the United States. *Id*. at ¶ 8.

**ARGUMENT**

**I.    The Court Lacks Personal Jurisdiction Over Sanyo Electric**

As explained more fully herein, the Court lacks personal jurisdiction over Sanyo Electric, and on this basis should dismiss Plaintiff's First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2).

**A.    The Legal Standards for Determining Personal Jurisdiction**

In patent infringement cases, the law of the Federal Circuit governs the question of personal jurisdiction.  *See Hildebrand v. Steck Mfg. Co., Inc.*, 279 F.3d 1351, 1354 (Fed. Cir. 2002).  A district court may exercise personal jurisdiction over a non-consenting party outside the forum state only if two requirements are satisfied.  First, the defendant must be amenable to service of process under the forum state's long-arm statute.  *Id.*; *see also Genetic Implant Sys., Inc. v. Core-Vent Corp.*, 123 F.3d 1455, 1458 (Fed. Cir. 1997) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-76 (1985)).  "Second, the culmination of the party's activities within the forum state must satisfy the minimum contacts requirement of the due process clause."[2]  *Hildebrand*, 279 F.3d at 1354 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).  Because the Illinois long-arm statute is equivalent to that of the United States Constitution, the sole inquiry before the Court is whether the exercise of personal jurisdiction

---

[2] Any attempt by Plaintiff to assert that Sanyo Electric's cumulative contacts with the United States as a whole are sufficient to support a finding of jurisdiction must fail.  The "national contacts" test applies only where a federal statute authorizes nationwide service of process.  *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 106-07 (1987), *accord J. Stephen Scherer, Inc. v. LTee*, No. 87-1354, 1988 WL 10685, at *4 (Fed. Cir. Feb. 11, 1988) (attached hereto as Exhibit B).  The patent laws of the United States do not provide for nationwide service on infringement defendants.  *See J. Stephen Scherer*, 1988 WL 10685, at *4 (rejecting applicability of "national contacts" theory and affirming dismissal of patent claim against foreign defendant for lack of personal jurisdiction).  As such, the nationwide contacts test is inapplicable here.

3

over Sanyo Electric would offend the Due Process Clause of the Fourteenth Amendment.  *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997).

The due process inquiry requires the Court to determine whether Sanyo Electric "should reasonably anticipate being haled into court" in this judicial district.  *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980); *Hockerson-Halberstadt v. Propet USA, Inc.*, 62 Fed. Appx. 322, 336 (Fed. Cir. 2003).  This determination also involves a two-step process.  First, the Court must determine whether Sanyo Electric has "minimum contacts" with this forum.  *See Int'l Shoe*, 326 U.S. at 316; *Hockerson-Halberstadt*, 62 Fed. Appx. at 336.  Second, if minimum contacts exist, the Court must determine whether maintaining this suit against Sanyo Electric nonetheless would "offend traditional notions of fair play and substantial justice."  *Int'l Shoe*, 326 U.S. at 316; *Hockerson-Halberstadt*, 62 Fed. Appx. at 336.  "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  *Maynard v Philadelphia Cervical Collar Co., Inc.*, 18 Fed. Appx. 814, 816 (Fed. Cir. 2001) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

**B.    Sanyo Electric Lacks "Minimum Contacts" With This Forum**

As explained below, Sanyo Electric has no contacts of any kind with this forum, let alone *minimum* contacts required to establish personal jurisdiction.  "Under the 'minimum contacts' test, a defendant may be subject to either specific jurisdiction or general jurisdiction." *Hockerson-Halberstadt*, 62 Fed. Appx. at 336.  The contacts that may be considered for purposes of evaluating specific jurisdiction are limited to those that give rise to, or directly relate to, the underlying claim of the lawsuit.  *See Red Wing Shoes Co. v. Hockerson-Halberstadt, Inc*., 148 F.3d 1355, 1359 (Fed. Cir. 1998).  General jurisdiction exists when a defendant maintains

4

"continuous and systematic" contacts with the forum state even when the cause of action is unrelated to the contacts. *See Helicopteros Nacionales de Columbia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984); *Hockerson-Halberstadt*, 62 Fed. Appx. at 337. However, these contacts must be "so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities." *Int'l Shoe*, 326 U.S. at 318; *Hockerson-Halberstadt*, 62 Fed. Appx. at 337.

### 1.    The Court lacks specific jurisdiction

Plaintiff does not allege any specific contact of Sanyo Electric that "give[s] rise to" or "directly relates" to its patent infringement claim. *See Red Wing Shoes*, 148 F.3d at 1359. Instead, Plaintiff merely molds statutory language into general assertions in its First Amended Complaint that "Sanyo[3] makes, uses, sells, offers for sale and/or imports wireless portable communication devices including cellular telephones" (D.I. 42 at ¶ 13); "Sanyo . . . [has] committed acts of infringement in this judicial district" (*Id*. at ¶ 21); and "Sanyo has directly and/or indirectly infringed at least one claim of the '186 patent and '416 patent by making, using, selling and/or offering to sell wireless portable communication devices. . . ." (*Id*. at ¶ 28).

Contrary to Plaintiff's allegations, Sanyo Electric did not make, use, sell, offer for sale and/or import into this judicial district, or any other judicial district within the United States for that matter, wireless portable communication devices, let alone wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service. *See* Exhibit A at ¶ 5. Indeed, any wireless portable communication devices that Plaintiff may contend infringe the '186 patent or the '416 patent were manufactured exclusively in plants located in China and Malaysia. *Id*. at ¶ 6. Furthermore,

---

[3] As defined in the First Amended Complaint, "Sanyo" means "Sanyo Electric Co., Ltd." *See* D.I. 42 at p. 1.

due to the sale of its mobile phone business, Sanyo Electric completely discontinued the manufacture, sale and/or offer for sale of any wireless portable communication devices after April 1, 2008. *Id*. at ¶ 8. Thus, there are no contacts here giving rise to specific jurisdiction.

Because Sanyo Electric does not purposefully direct its activities to Illinois, no specific personal jurisdiction exists. Sanyo Electric does not make, use, sell, offer for sale and/or import any wireless portable communication devices that Plaintiff may contend infringe the '186 or the '416 patents within Illinois, and Sanyo Electric maintained no control over where and how any such devices were distributed within the United States, much less in Illinois. *Id*. at ¶¶ 5, 7. As such, the Court does not have specific jurisdiction over Sanyo Electric.

### 2.     The Court lacks general jurisdiction

Likewise, Sanyo Electric is also not subject to general jurisdiction in Illinois. In an attempt to establish this basis of jurisdiction, Plaintiff relies on a overly broad (and incorrect) allegation that "Sanyo transact[s] business in this district." D.I. 42 at ¶ 21. However, given that Sanyo Electric does not have an office in the state of Illinois, does not have any agents or representatives for the purpose of transacting business in Illinois, does not have any employees in Illinois, and does not manufacture, use, sell, or offer to sell any wireless portable communication devices in Illinois or import any such products into Illinois, Plaintiff does not have a plausible argument that Sanyo Electric is subject to general jurisdiction in this state. *See* Exhibit A at ¶¶ 4, 5, 8.

Plaintiff also presumably tries to establish general jurisdiction by alleging that Sanyo Electric has "Internet websites that are designed to reach Illinois customers and are, in fact, used by customers in this judicial district." D.I. 42 at ¶ 21. While products are depicted on a website located at http://www.sanyo.co.jp ("Website"), this alone is insufficient to establish personal

jurisdiction. This Website is a "passive" website that merely makes available information regarding Sanyo Electric, as a company, and various products. *See* Exhibit A at ¶ 9. No products or services are sold on this Website. *Id*. Moreover, information regarding any wireless portable communication devices that Plaintiff may allege infringe the '186 and '416 patents is not even available at the Website. *Id*. The exercise of personal jurisdiction based on the maintenance of a passive website is impermissible because the defendant is not directing its business activities toward consumers in the forum state in particular. *See Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 549-50 (7th Cir. 2004); *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1281 (Fed. Cir. 2005). Thus, the fact that certain products (but not even the wireless portable communication devices that Plaintiff may base its infringement allegations upon) are viewable on a passive website that may be accessed by Illinois residents is insufficient to establish general jurisdiction.

Thus, Sanyo Electric did not engage in the substantial continuous and systematic contacts necessary for the Court to find general jurisdiction in the instant case. *See Helicopteros*, 466 U.S. at 414-16; *Hockerson-Halberstadt*, 62 Fed. Appx. at 337. Accordingly, the Court does not have general jurisdiction over Sanyo Electric. And, as no specific jurisdiction or general jurisdiction exists over Sanyo Electric, the First Amended Complaint should be dismissed as to Sanyo Electric, pursuant to Federal Rule of Civil Procedure 12(b)(2).

    **C.    Maintaining This Suit Against Sanyo Electric Would Offend Notions of Fair Play and Substantial Justice**

Sanyo Electric has demonstrated that no contacts exist with Illinois. The exercise of personal jurisdiction over Sanyo Electric in this case would offend traditional notions of fair play and substantial justice, thereby violating Due Process. *See International Shoe*, 326 U.S. at 316. Determining whether the exercise of personal jurisdiction offends traditional notions of fair play

7

and substantial justice involves balancing (1) the burden on the defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversies; and (5) the interest of the states in furthering their social policies. *See Asahi Metal Indus. Co. v. Superior Court*, 480 U.S. 102, 113 (1987).

### 1.    The burden on Sanyo Electric to defend this action in Illinois is great

Should Sanyo Electric be required to litigate this suit in Illinois, the burden on it would be great. Sanyo Electric has no offices in Illinois and no offices in the United States, for that matter. *See* Exhibit A at ¶ 4. In addition, any wireless portable communication devices, including wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, were manufactured outside of the United States—not in Illinois. *Id*. at ¶ 6. Thus, defending this case in Illinois would require Sanyo Electric to travel back and forth to a state, and country, in which it has insufficient minimum contacts and sells no products.

### 2.    Illinois has little or no interest in adjudicating this dispute

In view of the fact that Sanyo Electric did not ship any wireless portable communication devices into Illinois, any interest that the State of Illinois might have in adjudicating this dispute is vastly outweighed by the burdens of subjecting Sanyo Electric to litigation within this forum, thousands of miles from its home, and where it has no contacts whatsoever.

### 3.    Plaintiff has no special interests in obtaining relief in Illinois

Plaintiff is not an Illinois corporation and it appears to have no offices in this state. D.I. 42 at ¶ 2. Moreover, there is nothing in the First Amended Complaint that substantiates any interest of Plaintiff in litigating this case in Illinois.

### 4.    Illinois will not provide the most efficient resolution of the controversy

Based on the facts of record, this is not the district in which the most efficient resolution of this controversy will be obtained, as neither the Plaintiff nor Sanyo Electric is located here, and Sanyo Electric has not shipped any wireless portable communication devices into Illinois. *See* Exhibit A at ¶ 5.

### 5.    No social policies of Illinois are implicated here

No social policy of the State of Illinois is implicated here. This is not a case in which a substantial part of the acts or occurrences giving rise to the alleged infringement took place in this State. Indeed, as discussed, *supra*, Sanyo Electric does not manufacture or sell wireless portable communication devices in Illinois; indeed, Sanyo Electric does not manufacture or sell any product in Illinois.

In view of these five factors, the Court's exercise of personal jurisdiction in the instant case would offend traditional notions of fair play and substantial justice. In sum, given Sanyo Electric's total dearth of contacts with the State of Illinois, it would be Constitutionally improper to require it to defend this lawsuit in this forum. This case should be dismissed for lack of personal jurisdiction as to Sanyo Electric, pursuant to Federal Rule of Civil Procedure 12(b)(2).

## II.    Sanyo Electric Cannot Be Held Liable For Infringement Because None Of Sanyo Electric's Activities Occurred In The United States

"[I]t is well known that United States patent laws do not, and were not intended to, operate beyond the limits of the United States." *Int'l Rectifier Corp. v. Samsung Elec. Co., Ltd.*, 361 F.3d 1355, 1360 (Fed. Cir. 2004). As a result, "extraterritorial activities . . . are irrelevant . . . because the right conferred by a patent under our law is confined to the United States and its territories, and infringement of this right cannot be predicated on acts wholly done in a foreign country." *Rotec Indus., Inc. v. Mitsubishi Corp.*, 215 F.3d 1246, 1251 (Fed. Cir. 2000); *see also*

9

*Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 531 (1972) ("Our patent system makes no claim to extraterritorial effect; these acts of Congress do not, and were not intended to, operate beyond the limits of the United States. . . .") (internal quotation marks and citation omitted).

Here, Sanyo Electric does not make, use, sell, offer for sale or import any wireless portable communication devices anywhere in the United States.  *See* Exhibit A at ¶¶ 5, 8.  Indeed, any such devices that Plaintiff may contend infringe the '186 and '416 patents were manufactured exclusively in plants located in China and Malaysia.  *Id*. at ¶ 6.  Sanyo Electric has not in the past, and does not currently, make or sell any wireless portable communication devices, including wireless portable communication devices that receive and display caller ID information, non-facsimile pictures, video messages and/or Multimedia Messaging Service, in this Country.  *Id*. at ¶¶ 5, 8.

The United States patent laws do not apply to Sanyo Electric's extraterritorial activities and, accordingly, Plaintiff has no claim against Sanyo Electric for patent infringement.  The First Amended Complaint therefore should be dismissed as to Sanyo Electric for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

Sanyo Electric has no connection to the accused devices in the United States and no contacts of any kind with this forum.  As a result, the Court lacks personal jurisdiction over Sanyo Electric.  In addition, Plaintiff cannot state a claim against Sanyo Electric under the United States patent laws based only upon extraterritorial activities.  Accordingly, Plaintiff's First Amended Complaint should be dismissed with prejudice as to Sanyo Electric.

                                        Respectfully submitted,

Dated: August 29, 2008              By: /s/ Michael A. Dorfman
                                            Timothy J. Vezeau (IL Bar No. 34268)
                                            Michael A. Dorfman (IL Bar No. 6255860)
                                            Breighanne A. Eggert (IL Bar No. 6289475)
                                            KATTEN MUCHIN ROSENMAN LLP
                                            525 W. Monroe Street
                                            Chicago, IL 60661-3693
                                            Tel: 312.902.5200
                                            Fax: 312.902.8190