IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTELLECT WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08 C 1350 |
| | ) | |
| v. | ) | |
| | ) | Honorable James F. Holderman |
| | ) | Magistrate Judge Morton Denlow |
| SANYO NORTH AMERICA CORP. | ) | |
| KYOCERA SANYO TELECOM, INC., | ) | |
| KYOCERA WIRELESS CORP., and | ) | |
| SPRINT SPECTRUM L.P., | ) | |
| | ) | |
| Defendants. | ) | |

**INTELLECT WIRELESS' MOTION FOR ENTRY
OF JUDGMENT ON SPRINT'S INEQUITABLE
CONDUCT CLAIM AND OTHER RELIEF**

Intellect Wireless now moves, pursuant to Federal Rule of Civil Procedure 54(b), for the entry of judgment on Sprint's counterclaim and affirmative defense of inequitable conduct. Intellect Wireless also moves, pursuant to 35 U.S.C. §285 and 28 U.S.C. §1927, for its fees and costs incurred in defending against such claim. In support of its motion, Intellect Wireless states:

1. In its Answer and Counterclaim (Dkt. No. 61), Sprint asserted a claim of inequitable conduct against Intellect Wireless in its Sixth Affirmative Defense and Count III of its Counterclaim. Sprint repeatedly alleged that various prior art references – 16 in all – were "material", and that Daniel Henderson deliberately withheld such references "with the intention of deceiving the USPTO." (Id.). Sprint maintained that this misconduct was so egregious that it was entitled to an award of fees and costs under 35 U.S.C. §285. (Id. at 29).

2. Intellect Wireless moved for summary judgment, pointing out that Sprint's claim was unreasonable because, among other reasons, most of the 16 references were in fact expressly cited in the relevant file histories (Dkt. No. 122).

3. Sprint then made its first retreat. As addressed in Intellect Wireless' Reply Memorandum (Dkt. No. 132), in response to Intellect Wireless' opening brief, Sprint withdrew what it called a "small portion" of its inequitable conduct claims (Sprint actually "withdrew" 9 of the 16 references which it had initially cited in support of its claim). Id. at 1.

4. Sprint accused Mr. Henderson of attempting to "hide the ball" on activity in co-pending prosecutions before the same examiner at the very same time. Yet, in each of the prosecutions, Mr. Henderson expressly requested Patent Examiner Anwah to consider each of the specifically identified prosecutions ("The Examiner is requested to review the entire file histories of these applications, including cited references, Office Actions, Responses, etc…"), and asked the Examiner to contact him "if the [E]xaminer would like copies of any or all of the information included in any one of these applications" (Dkt. No. 129, Sprint's Response to Intellect's SUMF at ¶¶ 54, 59). Moreover, the Examiner made affirmative representations that he complied with the requests. Id. at ¶¶ 59, 61, 63. Sprint shifted ground again: because the file histories expressly reflect that the Examiner reviewed the prosecutions of all co-pending applications in each of the patents-in-suit, the number of supposedly withheld references shrunk yet again to a single reference: Goldman (Ex. A, Yovits email to Vickrey).

5. On March 17, 2009, the Court scheduled the inequitable conduct issue for

a bench trial. In discovery, Intellect Wireless produced further written evidence of the Examiner's agreement to not only consider, but also expressly list all references in the co-pending prosecutions. (Ex. B, Tendler 2/13/07 email to Examiner Anwah). On this evidence, any inference that Mr. Henderson was attempting to hide from the Examiner contemporaneous activity in co-pending prosecutions before the same Examiner is not reasonable. *A fortiori*, it could not be "the single most reasonable inference," as required by Star Scientific, Inc. v. R.J. Reynolds Tobacco Co., 537 F.3d 1357, 1366-67 (Fed. Civ. 2008), for the threshold showing of deceptive intent. Nonetheless, Sprint continued to pursue its ever-dwindling claim, forcing Intellect Wireless to continue to devote resources to defend against it.

6. On July 2, 2009, finally conceding the futility of its claim, Sprint retreated yet again; sending Intellect Wireless counsel an email stating:

> Sprint elects not to continue to pursue its inequitable conduct affirmative defense and counterclaim based on the facts as pled.

(Ex. C).

7. On these facts, Intellect Wireless is entitled to judgment under Rule 54(b). Intellect Wireless also is entitled to its fees and costs under 35 U.S.C. 285 and/or 28 U.S.C. 1927, as it is apparent that Sprint never had a good faith basis for asserting an inequitable conduct claim on **any**, much less all, of the 16 asserted references in the first place. As addressed above, Intellect Wireless had to move for summary judgment for Sprint to acknowledge that most of the 16 references were expressly cited in the relevant prosecutions. And as to the Goldman reference, on June 22, 2009, Sprint represented to this Court "for the materiality of the Goldman reference to be assessed, it must be compared to thousands of references cited by the applicant for the patents-in-

suit." (Dkt. No. 165 at 4-5). And that is just materiality. Sprint has never explained how it can accuse Mr. Henderson with intentionally hiding other prosecutions pending before the same Examiner, when he expressly asked that Examiner to consider such co-pending prosecutions, and the Examiner agreed to do so.

8. In <u>Fiskars, Inc.</u> v. <u>Hunt Mfg. Co.</u>, 221 F.3d 1318, 1328 (Fed. Cir. 2000), the Federal Circuit affirmed the award of fees where "the inequitable conduct [was] 'so lacking in substance as to constitute a waste of the time and resources of all the participants'":

> Hunt's counsel argues that the district court abused its discretion in imposing this sanction. He states that he presented a *prima facie* case of inequitable conduct, and that he did not act in bad faith. He argues that the inventor might have supported the charge of inequitable conduct had he been less credible or his testimony different, and that credibility could not be known until the inventor testified at the trial. ***Even a generous view of the record from Hunt's position does not weaken the district court's observation that neither material withholding nor intent to deceive was supported with evidence sufficient to make a prima facie case.***
>
> * * *
>
> The Seventh Circuit makes clear that liability under § 1927 for unreasonable and vexatious prolongation of the proceedings does not require that the actions were taken in bad faith. *See Knorr Brake Corp. v. Harbil, Inc.*, 738 F.2d 223, 226-27 (7th Cir. 1984) ("this court has not required an express finding by the district court of subjective bad faith or intent to delay to support an award of fees under section 1927.") In the words of the district court, "***[Hunt's] decision to pursue the counterclaim caused [Fiskars] to incur additional expenses, created extensive work for the court and cast a cloud over the integrity of the inventor and his original counsel.***"
>
> In matters of trial management and attorney discipline, marked deference is owed to the discretionary rulings of the judge conducting the trial. *Abbot Labs. V. Brennan*, 952 F.2d 1346, 1351, 21 USPQ2d 1192, 1196 (Fed.Cir. 1991) ("It is improper on appeal to disturb a district court's trial management, absent a clear abuse of judicial discretion.") Absent a clear abuse of the trial judge's discretion, it is inappropriate for the appellate court to disturb a disciplinary action that is based on litigation conduct.

4

Such abuse of discretion has not been shown. The sanction is affirmed.

(Id; emphasis added).

9. Defendants' "accuse-loudly-then-retreat-quietly" tactic has impacted the lives of real people. As in Fiskars, Sprint's "decision to pursue this counterclaim caused [Intellect Wireless] to incur additional expenses, created extensive work for the court and cast a cloud over the integrity of the inventor and his original counsel". Fiskars, supra, 221 F.3d at 1328. In so doing, Sprint cavalierly smeared the reputation of Dan Henderson, an esteemed inventor. Just last month, the magazine *PC Today* described Mr. Henderson's role in the history of the camera phone:

> The idea of camera phones is as old as cameras and phones, but it wasn't until 1993, when Daniel A. Henderson put together a couple of prototypes, that the two started to converge in a meaningful way. Dubbed the "Intellect," Henderson's design was for a phone that could display pictures received wirelessly instead of taking pictures and sending them wirelessly.

"Say 'Cheese' To Your Cell – A History of the Camera Phone"; *PC Today*, Vol 7 Issue 6 at 28 (June 2009) (Ex. D).

Mr. Henderson's prototype for a wireless picturephone device was received as part of the permanent collection of the Smithsonian Institution in the National Museum of American History (http://americanhistory.si.edu/news/pressrelease.cfm?key=29&newskey=611). The Honorable Senator Gordon H. Smith (OR), declared that Mr. Henderson has "truly blazed new trails in the fields of wireless technology and digital convergence" and called him a "true visionary." Mr. Henderson should never have been charged with misconduct before the Patent Office.

Then Chief Judge Howard Markey perhaps put it best when he called the pleading of inequitable conduct claims a plague:

> ***[T]he habit of charging inequitable conduct in almost every major patent case has become an absolute plague***. Reputable lawyers seem to feel compelled to make the charge against other reputable lawyers on the slenderest grounds, to represent their client's interests adequately, perhaps. They get anywhere with the accusation in but a small percentage of the cases, but such charges are not inconsequential on that account. They destroy the respect for one another's integrity, for being fellow members of an honorable profession, that used to make the bar a valuable help to the courts in making a sound disposition of their cases, and to sustain the good name of the bar itself. A patent litigant should be made to feel, therefore, that an unsupported charge of "inequitable conduct in the Patent Office" is a negative contribution to the rightful administration of justice. The charge was formerly known as "fraud on the Patent Office," a more pejorative term, but the change of name does not make the thing itself smell any sweeter.

Burlington Industries, Inc. v. Dayco Corp., 849 F.2d 1418, 1422 (Fed. Cir. 1988) (emphasis added); see also, FMC Corp. v. Manitowoc Co., Inc., 835 F.2d 1411, 1415 (Fed. Cir. 1987) ("'Inequitable conduct' is not, or should not be, a magic incantation to be asserted against every patentee. Nor is that allegation established upon a mere showing that art or information having some degree of materiality was not disclosed.'" emphasis added).

## **CONCLUSION**

All too often, counsel are eager to hurl the accusation of inequitable conduct, and such tactics help make patent infringement cases the costliest of litigation. But there is a human cost as well, about which counsel don't seem to care. It is abundantly clear that there was no legitimate basis to assert the claim in the first place. There should be a consequence for this tactic. Intellect Wireless respectfully requests that the Court enter judgment on Sprint's inequitable conduct claim and award fees as a sanction for Sprint's tactic. Such an award is appropriate under either 28 U.S.C. §1927 or 35 U.S.C. §285. Sprint can hardly complain about the applicability of Section 285 to this claim, as Sprint itself urged that an award of fees was warranted based on Mr. Henderson's

purported fraud. Moreover, even its withdrawal of the claim (Ex. C) indicates that Sprint has no remorse concerning the consequences of its litigation tactic, and suggests that Sprint may attempt such further tactics in the future ("Sprint elects not to continue… based on the facts as pled.").

Respectfully submitted,

/s/ Paul K. Vickrey
Raymond P. Niro
Paul K. Vickrey
Paul C. Gibbons
David J. Mahalek
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, Illinois 60602
Tel: (312) 236-0733
Fax: (312) 236-3137

# CERTIFICATE OF SERVICE

I hereby certify that on, July 6, 2009, I electronically filed the foregoing **INTELLECT WIRELESS' MOTION FOR ENTRY OF JUDGMENT ON SPRINT'S INEQUITABLE CONDUCT CLAIM AND OTHER RELIEF** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record for Defendants.

Steven Yovits
(yovits@howrey.com)
Scott Sherwin
(Sherwins@howrey.com)
Michelle K. Marek
(marekm@howrey.com)
Howrey LLP
321 North Clark Street, Suite 3400
Chicago, IL 60654
Tel: 312-595-1239
Fax: 312-595-2250

Chad Peterson (petersonc@howrey.com)
Thomas Dunham
(dunhamT@howrey.com)
John Dubiansky
(dubianskyj@howrey.com)
Alan Grimaldi (grimadlia@howrey.com)
Howrey LLP
1299 Pennsylvania Ave., NW
Washington, DC 20004
Tel: 202-783-0800
Fax: 202-383-6610
***Attorneys for Sprint Spectrum, L.P.***

Timothy J. Vezeau
(timothy.vezeau@kattenlaw.com)
Breighanne A. Eggert
(breighanne.eggert@kattenlaw.com)
Michael A. Dorfman
(Michael.dorfman@kattenlaw.com)
Katten Muchin Rosenman LLP
525 W. Monroe Street
Chicago, IL 60661
Tel: (312) 902-5200
Fax: (312) 902-1061
***Attorneys for Sanyo North America Corp.***

M. Andrew Woodmansee
(mawoodmansee@mofo.com)
Gregory W. Reilly (greilly@mofo.com)
David C. Doyle (ddoyle@mofo.com)
Morrison & Foerster LLP
12531 High Bluff Drive
Suite 100
San Diego, CA 92130
Tel: 858-720-5100
Fax: 858-720-5125

Daniel J. O'Connor
(daniel.j.o'connor@bakernet.com)
Baker & McKenzie, LLP
130 East Randolph Drive
Suite 3100
Chicago, IL 60602
Tel: 312-861-2790
Fax: 312-861-2899
***Attorneys for Kyocera Sanyo Telecom, Inc. and Kyocera Wireless Corp.***

/s/ Paul K. Vickrey