IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| INTELLECT WIRELESS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 C 1350 |
| | ) | |
| KYOCERA COMMUNICATIONS, INC., | ) | |
| KYOCERA WIRELESS CORP., and | ) | |
| SPRINT SPECTRUM L.P., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

Plaintiff Intellect Wireless, Inc. ("Intellect Wireless") brought this suit against Motorola, Inc. ("Motorola"), LG Electronics, Inc. ("LG"), Sanyo North America Corporation ("Sanyo"), Kyocera Communications, Inc. (formerly known as Kyocera Sanyo Telecom, Inc.) ("Kyocera Communications"), Kyocera Wireless Corp. ("Kyocera Wireless") for infringement of U.S. Patent Nos. 7,266,186 ("'186 Patent") and 7,310,416 ("'416 Patent") and against Sprint Spectrum L.P. ("Sprint") for infringement the '186 Patent and U.S. Patent Nos. 7,257,210 and 7,305,076. Motorola, LG, and Sanyo have since been dismissed from this dispute.

Currently before the court is Kyocera Communications and Kyocera Wireless's (collectively "Kyocera") "Motion for Partial Summary Judgment of Invalidity for Indefiniteness Under 35 U.S.C. § 112 ¶ 2" [159]. Specifically, Kyocera argues that both claim 1 of the '186 Patent and claim 1 of the '416 Patent impermissibly mix two distinct classes of patentable

1

subject matter in violation of *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005). For the reasons explained below, the court finds that the '186 and '416 Patents are not invalid for indefiniteness. Consequently, Kyocera's motion is denied.

## BACKGROUND

Intellect Wireless is the assignee of the '186 and '416 Patents and has asserted claims 1, 2, 4, 5, 8, 10, 13, 14, 17, 34, and 35 of the '186 Patent and claims 1, 2, 4, 7, 25, 35, 36, 43, and 44 of the '416 Patent against Kyocera. (Kyocera's Statement Undisputed Material Facts ¶¶ 5-6; Kyocera's Mem. Supp. Mot. Partial S.J. 2 n.3.) In its defense, Kyocera argues that both claim 1 of the '186 Patent and claim 1 of the '416 Patent impermissibly claim two distinct classes of patentable subject matter: an apparatus and a method. As a result, according to Kyocera, eighteen of the twenty asserted claims are invalid for indefiniteness. (Kyocera's Mem. Supp. Mot. Partial S.J. 1-2.)[1]

Asserted claim 1 of the '186 Patent is an independent apparatus claim directed to a wireless portable communication device coupled to a "message center" to receive a message from a "message originator." (Kyocera's Statement Undisputed Material Facts ¶ 7.) Asserted claims 2, 4, 5, 8, 10, 13, 14, 17, 34, and 35 of the '186 Patent depend on either claim 1 or on a claim or claims depending on claim 1. (*Id.* ¶ 8.)

Claim 1 of the '186 Patent provides the following:

A wireless portable communication device for use by a message recipient for receiving a picture from a message originator having a telephone number, comprising:

---

[1] Kyocera's motion does not implicate claims 43 and 44 of the '416 Patent. (*See* Kyocera's Mem. Supp. Mot. Partial S.J. 2 n.3.)

a receiver operably coupled to receive a message from a message center over a wireless connection, the message including a non-facsimile picture supplied by the message originator and a caller ID automatically provided by a communications network that identifies the telephone number of the message originator, *the message originator sending the caller ID with the picture to the message center*;

a display; and

a controller operably coupled to display the picture and caller ID on the display.

'189 Patent, col. 46, ll. 43-56 (emphasis added).

Claim 1 of the '416 Patent also claims an independent apparatus directed to a wireless portable communication device coupled to a "message center" to receive a message from a "message originator." (Kyocera's Statement Undisputed Material Facts ¶ 9.) Asserted claims 2, 4, 7, 25, 35, and 36 of the '416 Patent depend on either independent claim 1 or on a claim or claims depending on claim 1. (*Id.* ¶ 10.)

Claim 1 of the '416 Patent claims the following:

A wireless portable communication device comprising:

a CPU;

a portable receiver operably coupled to receive a message from a message center over a wireless connection, the message including a non-facsimile picture supplied by the message originator and a caller ID automatically provided by a communications network that identifies the telephone number of the message originator, *the message originator sending the caller ID with the picture to the message center, the portable receiver coupled to the CPU*;

a memory that stores (1) Caller ID data received and (2) data associated with actual or potential communicants in a database, wherein the data represents at least one of:
a) a telephone number;
b) name;
c) address; and
d) picture information;

> a small display coupled to and operable by the CPU that allows viewing data stored in memory that is associated with actual or potential communicants or received Caller ID data;
>
> a connector; and
>
> a detachable input interface that is releasably connected to the connector that is utilized to add or modify the stored data associated with actual or potential communicants.

'416 Patent, col. 46, ll. 39-65 (emphasis added).

According to Kyocera, the phrase "the message originator sending the caller ID with the picture to the message center" appearing in claim 1 of both the '186 and '416 Patents impermissibly recites a method for operating the claimed apparatus, and consequently those claims and their dependant claims are invalid for indefiniteness under *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005). (Kyocera's Mem. Supp. Mot. Partial S.J. 10-11.)

## LEGAL STANDARDS

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is not genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, a court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

## ANALYSIS

An issued patent carries a presumption of validity under 35 U.S.C. § 282. "Because of this presumption, an alleged infringer who raises invalidity as an affirmative defense has the ultimate burden of persuasion to prove invalidity by clear and convincing evidence . . . ." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1376 (Fed. Cir. 2009). A patent's claims are invalid as indefinite if they fail to "particularly point[] out and distinctly claim[] the subject matter which the applicant regards as his invention." 35 U.S.C. § 112 ¶ 2. As the Federal Circuit has explained, "[a] claim is considered indefinite if it does not reasonably apprise those skilled in the art of its scope." *IPXL Holdings*, 430 F.3d at 1383-84. To prevail under an indefiniteness defense, an alleged infringer must prove that the claim "is insolubly ambiguous, and no narrowing construction can properly be adopted." *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, 520 F.3d 1367, 1374 (Fed. Cir. 2008) (citations omitted). "Whether a claim reasonably apprises those skilled in the art of its scope is a question of law . . . ." *Id.*

In *IPXL Holdings*, a case of first impression, the Federal Circuit determined that claims "reciting both an apparatus and a method of using that apparatus . . . [are] indefinite under [35 U.S.C.] *section* 112, paragraph 2" because such claims are "not sufficiently precise to provide competitors with an accurate determination of the 'metes and bounds' of protection involved . . . ." *Id.* at 1384 (quoting *Ex parte Lyell*, 17 U.S.P.Q.2d 1548, 1550-51 (B.P.A.I. 1990)). Specifically, "a manufacturer or seller of the claimed apparatus would not know from the claim whether it might also be liable for contributory infringement because a buyer or user of the apparatus later performs the claimed method of using the apparatus." *Id.* (quoting *Lyell*, 17 U.S.P.Q.2d at 1550).

The claim at issue in *IPXL Holdings* provided:

5

> The system of claim 2 [including an input means] wherein the predicted transaction information comprises both a transaction type and transaction parameters associated with the transaction type, and *the user uses the input means* to either change the predicted transaction information or accept the displayed transaction type and transaction parameters.

*IPXL Holdings*, 430 F.3d at 1384 (quoting U.S. Patent No. 6,149,055, col. 22, ll. 8-13) (alteration in original). According to the court, the claim language "the user uses the input means" created uncertainty over "whether infringement of [the claim] occurs when one creates a system that allows the user to [practice the claimed method step], or whether infringement occurs when the user actually [practices the method step]." *Id.*; *see also Microprocessor*, 520 F.3d at 1374-75 (discussing *IPXL Holdings*). Thus, as explained by the Federal Circuit in *Microprocessor*, the *IPXL Holdings* analysis focuses on whether the claim language creates "a lack of clarity as to when the mixed subject matter claim would be infringed." *Microprocessor*, 520 F.3d at 1374. Kyocera contends the phrase "the message originator sending the caller ID with the picture to the message center" in claim 1 of both the '186 and '416 Patents creates such an ambiguity. (Kyocera's Mem. Supp. Mot. Partial S.J. 10-11.)

    1. <u>Claim Construction of the '186 and '416 Patents</u>

Before addressing the merits of Kyocera's motion, the court first must consider Intellect Wireless's assertion that the motion automatically fails because Kyocera has made no attempt to construe the disputed claims. (Intellect Wireless's Mem. Opp. Kyocera's Mot. Partial S.J. 3-6.) Without the requisite claim construction, Intellect Wireless argues, Kyocera cannot meet its burden of proving that the claims at issue are insolubly ambiguous to one of ordinary skill in the

art. (*Id.*) The court, however, finds that determining whether the '186 and '416 Patents impermissibly claim mixed subject matter does not require claim construction.

Although many of the district courts addressing this issue rendered their indefiniteness decisions either after or concurrently with the claim construction phase of the litigation, those decisions typically do not invoke or rely upon claim constructions.[2] Moreover, neither *IPXL Holdings* nor *Microprocessor*, the only Federal Circuit decisions to date addressing mixed subject matter claims, indicates that claim construction is a prerequisite to judicial determination of invalidity due to indefiniteness. Consequently, the court finds that it can resolve the legal issue presented in Kyocera's motion without construing the patents' claims beyond their plain and ordinary meaning.

### 2. Validity of the '186 and '416 Patents Under *IPXL Holdings*

In its motion for partial summary judgment, Kyocera argues that claim 1 of the '186 Patent and claim 1 of the '416 Patent are invalid for indefiniteness under *IPXL Holdings* because

---

[2] Other district court decisions addressing indefiniteness under *IPXL Holdings* include *Petter Invs., Inc. v. Hydro Eng'g, Inc.*, No. 1:07-CV-1033, 2009 U.S. Dist. LEXIS 81003 (W.D. Mich. Sept. 8, 2009); *Rembrandt Data Techs., L.P. v. AOL, L.L.C.*, Case No. 1:08cv1009, 2009 U.S. Dist. LEXIS 79610 (E.D. Va. Aug. 21, 2009); *Freedom Wireless, Inc. v. Alltel Corp.*, No. 2:06cv504, 2008 U.S. Dist. LEXIS 82785 (E.D. Tex. Oct. 17, 2008); *Ariba, Inc. v. Emptoris, Inc.*, Civil Action No. 9:07-CV-90, 2008 U.S. Dist. LEXIS 59862 (E.D. Tex. Aug. 7, 2008); *August Tech. Corp. v. Camtek, Ltd.*, Civil No. 05-1396, 2008 U.S. Dist. LEXIS 53391 (D. Minn. July 13, 2008)*; Ricoh Co. v. Katun Corp.*, 486 F. Supp. 2d 395 (D.N.J. 2007); *Sienna, L.L.C. v. CVS Corp.*, 06 Civ. 3364, 2007 U.S. Dist. LEXIS 2 (S.D.N.Y. Jan. 3, 2007); *Yoldee, Inc. v. CashEdge, Inc.*, No. C 05-01550, 2006 U.S. Dist. LEXIS 86699 (N.D. Cal. Nov. 29, 2006); *Collegenet, Inc. v. XAP Corp.*, 442 F. Supp. 2d 1036 (D. Or. 2006); *Toshiba Corp. v. Juniper Networks, Inc.*, Civ. No. 03-1035, 2006 U.S. Dist. LEXIS 44348 (D. Del. June 28, 2006); *Collaboration Props., Inc. v. Tandberg ASA*, No. C 05-01940, 2006 U.S. Dist. LEXIS 42465 (N.D. Cal. June 22, 2006).

they impermissibly claim both an apparatus and a method for operating that apparatus. The court disagrees.

Claim 1 of the '186 Patent claims and describes "[a] wireless portable communication device for use by a message recipient for receiving a picture from a message originator having a telephone number." '186 Patent, col. 46, ll. 43-45. Similarly, claim 1 of the '416 patent claims a "wireless portable communication device." '416 Patent, col. 46, l. 39. Both of those claimed devices include a "receiver" or "portable receiver" that is "operably coupled to receive a message from a message center over a wireless connection." '186 Patent, col. 46, ll. 46-47; '416 Patent, col. 46, ll. 41-42. The claims further describe the message the receiver is capable of receiving: "the message including a non-facsimile picture supplied by the message originator and a caller ID automatically provided by a communication network that identifies the telephone number of the message originator, *the message originator sending the caller ID with the picture to the message center*." '186 Patent, col. 46, ll. 47-53 (emphasis added); '416 Patent, col. 46, ll. 42-48 (emphasis added). According to Kyocera, the phrase "the message originator sending the caller ID with the picture to the message center" claims a method step in an apparatus claim in violation of *IPXL Holdings*.

Initially, the court notes that unlike the majority of cases declining to find patent claims indefinite under *IPXL Holdings*, the claim language at issue in this case does not directly relate to the functionality of the claimed apparatus. In *Microprocessor*, for example, the Federal Circuit found that a claim was not indefinite under *IPXL Holdings* because the disputed claim language was "functional language" that permissibly described the capabilities of the claimed apparatus. *Microprocessor*, 520 F.3d at 1375 ("Claim 7 of the '*593 patent*, however, is clearly

8

limited to a pipeline processor possessing the recited structure and *capable* of performing the recited functions, and is thus not indefinite under *IPXL Holdings*."); *see also Freedom Wireless, Inc. v. Alltel Corp.*, No. 2:06cv504, 2008 U.S. Dist. LEXIS 82785, at *40-41 (E.D. Tex. Oct. 17, 2008) ("The undersigned construes this claim to be an apparatus claim that describes the apparatus by reference to its functional capabilities. . . . As such it does not run afoul of *IPXL Holdings*."); *Collegenet, Inc. v. XAP Corp.*, 442 F. Supp. 2d 1036, 1063 (D. Or. 2006) ("[T]he Court concludes the challenged Claims are not indefinite because they include descriptions of the apparatus and functional limitations associated with the apparatus as did the claims that passed muster in *IPXL* [*Holdings*]."); *Toshiba Corp. v. Juniper Networks, Inc.*, Civ. No. 03-1035, 2006 U.S. Dist. LEXIS 44348, at *13-14 (D. Del. June 28, 2006) ("[C]laims . . . us[ing] functional language to describe the apparatus which is the subject of the claims . . . are not rendered invalid for indefiniteness under the reasoning of *IPXL Holdings*.").

Here, in contrast, the challenged phrase does not involve a specific function of the claimed device but instead describes an act by a third party–the message originator–in sending a message to a separate, unclaimed system–the message center. Nevertheless, the court finds that the phrase, "the message originator sending the caller ID with the picture to the message center," does not implicate the concerns underlying *IPXL Holdings* and consequently, in light of the presumption of an issued patent's validity, does not render the identified claims of the '186 and '416 Patents indefinite.

*IPXL Holdings* "stand[s] for the narrow rule that a single claim may not purport to cover a system, independent of any use of the system, and simultaneously purport to cover a particular use of the system." *Collaboration Props., Inc. v. Tanberg ASA*, Case No. 05-1940, 2006 U.S.

Dist. LEXIS 42465, at *19 (N.D. Cal. June 22, 2006). In this case, the challenged phrase, "the message originator sending the caller ID with the picture to the message center," bears no relation to the actual operation of the claimed apparatus. Instead, as illustrated by claim 1 of the '186 Patent, the message recipient–not the message originator–operates the claimed portable communication device. *See* '186 Patent, col. 46, ll. 43-44 (claiming "[a] wireless portable communication device for use by a message recipient . . . ."). Although the claims at issue describe an action ("sending the caller ID"), that action does not involve the operation of the claimed device and, as a result, does not prevent one of ordinary skill in the art from understanding conduct what is necessary to infringe the claims. *See Microprocessor*, 520 F.3d at 1374-75. The plain language of the claims indicates that direct infringement is limited to a communication device possessing the recited structure and capable of receiving a message from the message originator via the message center; infringement does not require that "the message originator [send] the caller ID with the picture to the message center." *See id.* at 1375.

Moreover, the remaining claim language describing the claimed devices' "message" further supports the court's determination that the claims are not invalid for indefiniteness. For example, "the message" in claim 1 of the '186 and '416 Patents also includes "a non-facsimile picture *supplied by* the message originator and a caller ID automatically *provided by* a communication network." '186 Patent, col. 46, ll. 47-50 (emphasis added); '416 Patent, col. 46, ll. 43-45 (emphasis added). Although this language describes actions by third parties, Kyocera notably does not contend that it violates *IPXL Holdings*. Had the patentee simply converted the challenged phrase, "the message originator sending the caller ID with the picture to the message center," into its equivalent passive form, "the caller ID with the picture *sent by* the message

10

originator to the message center," Kyocera apparently would not have disputed the validity of the '186 and '416 Patents. The court does not find, however, that use of active as opposed to equivalent passive language to describe the claimed apparatus renders the claims insolubly ambiguous under *IPXL Holdings*. *Cf. Toshiba*, 2006 U.S. Dist. LEXIS 44348, at *14 (finding that claims using "active functional language instead of passive language to describe the function of the underlying apparatus" were not invalid under *IPXL Holdings*).

Consequently, Kyocera has failed to prove by clear and convincing evidence that claim 1 of the '186 and '416 Patents and their dependant claims are invalid for indefiniteness under *IPXL Holdings*. Kyocera's motion for partial summary judgment, therefore, is denied.

## CONCLUSION

For the foregoing reasons, Kyocera's motion for partial summary judgment [159] is denied. A status hearing is scheduled for October 15, 2009 at 9:00 a.m. to discuss and set further dates. The parties are once again urged to discuss and consider possible settlement.

ENTER:

*(signed)* James F. Holderman

_____

JAMES F. HOLDERMAN

Chief Judge, United States District Court

Date:  October 8, 2009